E  X  H  I  B  I  T  S


EX. #1 - EX. #15

E X H I B I T

#1


INMATE TRUST ACCOUNT STATEMENT
DATED: 6/1/04-7/7/04

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIPATRIA STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: JUN. 01, 2004 THRU JUL. 07, 2004

ACCOUNT NUMBER : B77176                    BED/CELL NUMBER: FB0200000000239L
ACCOUNT NAME   : ALVE, ALEJANDRO S         ACCOUNT TYPE: I
PRIVILEGE GROUP: B

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|-----------|-------------|---------|-----------|----------|-------------|---------|
| 06/01/2004 | | BEGINNING BALANCE | | | | | 983.51 |
| 06/10 | D300 | CASH DEPOSIT | MR/ 306508 | | 350.00 | | 1,333.51 |
| 06/10 | D300 | CASH DEPOSIT | MR/ 306509 | | 50.00 | | 1,383.51 |
| 06/21 | FC02 | DRAW-FAC 2 | B2/6722 | | | 90.00 | 1,293.51 |
| 06/29 | D300 | CASH DEPOSIT | MR/ 306915 | | 100.00 | | 1,393.51 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|-------------------|----------------|-------------------|-----------------|---------------|---------------------------|
| 983.51 | 500.00 | 90.00 | 1,393.51 | 0.00 | 0.00 |

| CURRENT AVAILABLE BALANCE |
|---------------------------|
| 1,393.51 |

E  X  H  I  B  I  T

#2


REUEST TO CHIEF MEDICAL OFFICER
DATED: 4/227/05

&

RESPONSE TO REQUEST FROM CHIEF MEDICAL OFFICER
DATED: 4/28/05

RECEIVED
APR 2 8 2005
CAL-HEALTH SERVICES

TO:        CHIEF MEDICAL OFFICER

FROM:        ALEJANDRO ALVE, B-77176  (B2-239L)

SUBJECT:        BPT'S PSYCHIATRIC EVALUATION

Chief Medical Office,

Please Take Notice that I am scheduled to appear before the Board Of Prison Terms [BPT] on May 11, 2005, at 8:30 A.M. However, I am yet to be called in to have the prerequisite Psychiatric Evaluation required by the Board Of Prison Terms [BPT].

It will be highly appreciated if you would schedule the Psychiatric Evaluation before the aforesaid Board Of Prison Terms [BPT] deadline is due.

Beforehand I thank you for your consideration and attentiveness.

Dated:    4/27/05                            I am,

ALEJANDRO ALVE B-77176 (B2-239L)

STATE OF CALIFORNIA

**MINI-MEMO**

100-B (REV. 9-70)

TO: Alue, Alyandro
B-77176
B2-239L

SUBJECT: BPT's

Psychiatric Evaluation

DATE: 4/28/05

**M E S S A G E**

Mr. Alue, unfortunately Dr. Levin has no control over the scheduling of Psychiatric Evaluations. Sacramento office will notify the psych dept before your BPT date.

**RETURN TO**

SIGNED: T. Shelton

ADDRESS: Medical office

PHONE: 4/28/05

**R E P L Y**

SIGNED:

ADDRESS:

DATE:

SEND PARTS 1 AND 3 INTACT — PART 3 WILL BE RETURNED WITH REPLY

OSP 99 23296

E  X  H  I  B  I  T

#3

BPT POSTPONEMENT ORDER
DATED: 5/11/05

BOARD OF PRISON TERMS                                                      STATE OF CALIFORNIA
LIFE PRISONER HEARING – EXTRAORDINARY ACTION AND DECISION                  BPT 1001A (Rev. 10/89)

| ACTION TYPE (select one) | ☐ Waiver of Appearance | ☒ Request for Postponement | ☐ Waiver of Parole Consideration Hearing- Stipulation of Unsuitability | |
|---|---|---|---|---|
| HEARING TYPE (select one) | ☒ Parole Consideration | ☐ Progress | ☐ Rescission | Hearing Date 5/11/05 |

## WAIVER OF RIGHT TO ATTEND HEARING

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐ I do not wish to attend my Board hearing and do not wish to be represented at the hearing. The hearing will be held in my absence.

☐ I do not personally wish to attend my hearing but I do wish to be represented by counsel at the hearing.

  ☐ I will employ counsel to represent me at the hearing.

  ☐ I cannot afford counsel and wish counsel appointed to represent me.

## POSTPONEMENT

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☒ I hereby request that the hearing indicated above be Postponed to _NEXT AVAILABLE DATE_

The reasons for my request for a postponement are stated below.

## WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐ I waive my right to a parole consideration hearing and I waive the right to have an attorney represent me at a hearing in my absence. I find that I am unsuitable for parole based on my reasons given on this form and therefore request that you find me unsuitable.

  ☐ One-year Denial      ☐ Two-year Denial      ☐ Three-year Denial

PRISONER'S REASON(S) FOR REQUEST:
(For Example: Psychiatric Evaluation Not Supportive, Programming Inadequate, Cat X Incomplete, etc.)

_NEED UPDATED COMPREHENSIVE PSYCHIATRIC EVALUATION_

| | |
|---|---|
| Signature of Prisoner | Date 5/11/05. |
| Signature of Attorney (if applicable) | Date 5/11/05 |
| Signature and Title of Witness (CDC)  INMATE COPY | Date |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | DATE |
|---|---|---|---|---|
| ALVIE, ALEJANDRO, | # B-77176 | SENT INMATE COPY | 5/13/05 | |

BOARD OF PRISON TERMS                                                                          STATE OF CALIFORNIA

# LIFE PRISONER PAROLE CONSIDERATION WORKSHEET

☐ INITIAL HEARING          ☒ SUBSEQUENT HEARING # 7

| PRISONER'S NAME<br>ALVE, ALEJANDRO | CDC NUMBER<br>B77176 |
|---|---|
| DATE OF HEARING<br>MAY 11, 2005 | LOCATION<br>CALIPATRIA STATE PRISON, FAC. "B" BPT HEARING ROOM |

## LEGAL STATUS

| DATE RECEIVED<br>10/06/76 | DATE LIFE TERM STARTS (IF DIFFERENT) | COUNTY<br>SAN DIEGO |
|---|---|---|
| OFFENSE<br>MURDER 1ST, USE OF FIREARM | | CASE NUMBER<br>CR 36086 |
| COUNT NUMBER(S)<br>01 | | PENAL CODE SECTION(S) VIOLATED<br>PC 187, PC 12022.5 |
| TERMS<br>LIFE +1 YEAR 4 MONTHS | | MEPD<br>11/08/82 |

## OTHER COMMITMENT OFFENSES OR STAYED COUNTS

| STAYED | OFFENSE | CODE SECTION | COUNTY | CASE NUMBER | COUNT NUMBER |
|---|---|---|---|---|---|
| ☐ | ESCAPE | PC 4530(B) | MARIN | 10088 | 01 |
| ☐ | POSS WPN BY PRISONER | PC 4502 | MARIN | 10088 | 02 |
| ☐ | | | | | |

## PRESENT AT HEARING

| PANEL MEMBER<br>A ANGELE | PANEL MEMBER<br>A ARMENTA | PANEL MEMBER<br>P INGLEE |
|---|---|---|

OTHERS PRESENT:

☐ PRISONER (IF ABSENT, WHY?) _____

☒ ATTORNEY _____ Daniel Koryn, 5105 Cass Street, San Diego, CA 92109

☒ DEPUTY D.A. Richard Sachs (Video) _____ COUNTY OF SAN DIEGO

☐ OTHERS: _____

## STATEMENT OF FACTS

☐ THE HEARING PANEL INCORPORATES BY REFERENCE FROM THE DECISION OF THE HEARING HELD

ON _____ , PAGES _____ THROUGH _____

☐ THE STATEMENT OF FACT IS

☐ QUOTED FROM THE BOARD REPORT, DATED _____ PAGE(S) _____

☐ QUOTED FROM THE PROBATION OFFICER'S REPORT, PAGE(S) _____

☐ QUOTED FROM THE COURT OPINION, PAGE(S) _____

INMATE COPY

BPT 1000  (Rev. 8/90)                          SENT INMATE COPY 5/13/05

B2-239L

LIFE PRISONER DECISION FACE SHEET                          STATE OF CALIFORNIA

[ ]   PAROLE GRANTED – (YES)
      CDC:  Do not release prisoner before
            Governor's review.

[ ]   PAROLE DENIED – (NO)

| Records Use Only |
| --- |
| Parole Release Date_____ |
| YR        MO        DAY |
| Attach Prison Calculation Sheet |

[ ]   AGREED UNSUITABLE (Attach 1001A Form) FOR _____ YEAR(S)
[✗]   HEARING POSTPONED/REASON: _NEW PSYCH REPORT REQUESTED_

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**
[✗] No more 115's or 128A's          [ ] Stay discipline free
[ ] Work to reduce custody level     [ ] Learn a trade*          [✗] Earn positive chronos
[✗] Get self-help*                   [ ] Get therapy*            [ ] Get a GED*

[ ] Recommend transfer to _____
[ ] Other _____
*These programs are recommended if they are offered at your prison and you are eligible/able to participate.

---

**Penal Code 3042 Notices**   ☒ SENT   (Date) 04/04/05

| Commitment Offense(s) | PC 187, PC 12022.5 | MURDER 1ST, USE OF FIREARM |
| --- | --- | --- |
|  | Code(s) | Crime(s) |
|  | CR 36086 | 01 |
|  | Case #(s) | Count #'s |

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
| --- | --- | --- |
| 10/06/76 | 10/06/76 | 11/08/82 |

☐ Initial Hearing   ☒ Subsequent (Hearing No.) 7   Date of Last Hearing 11/06/01

---

CDC Representative: D. PARAMO, C&PR

| Attorney for Prisoner: Daniel Koryn | Address: 5105 Cass Street, San Diego, CA 92109 |
| --- | --- |
| D.A. Representative: Richard Sachs (Video) | County: SAN DIEGO |

This form and the Board's decision at the end of the hearing is only <u>proposed</u> and NOT FINAL.  <u>It will not become final until it is reviewed.</u>

Chair _____   Date _05/__

Panel Member _____   Date _/11/__

anel Member _____   INMATE COPY   /05

| NAME | CDC # | Prison | CALENDAR | DATE |
| --- | --- | --- | --- | --- |
| ALVE, ALEJANDRO | B77176 | CAL-IV | 03/2005 | 03/23/05 |

SENT INMATE COPY _5/13/05_

BPT 1001  (REV. 08/03)                                         PERMANENT ADDENDA

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA
LIFE PRISONER HEARING – EXTRAORDINARY ACTION AND DECISION    BPT 1001A (Rev. 10/89)

☐   I certify to the best of my knowledge and information, the foregoing reasons as stated by the
    prisoner are accurate, and that the prisoner was capable of making a knowledgeable decision
    regarding his/her hearing.

The following information is submitted for the Board's consideration in making their decision:

_____

_____

_____

| C&PR Signature | Date |
|---|---|

*FOR BOARD OF PRISON TERMS USE ONLY*

## DECISION / ORDER

### WAIVER OF RIGHT TO ATTEND HEARING

1.  ☐   Request is denied.

    ☐   Request is granted.  Hearing will be conducted in absence of prisoner.

### POSTPONEMENT

2.  ☐   Request is denied.

    ☒   Request is granted.  Grant based on a finding of good cause.  Place on _NEXT AVAILABLE_ calendar.

### WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY

3.  ☐   Request is denied.

    ☐   Request is granted.  The Board agrees to enter into the stipulation, on a finding of good cause,
        offered by the prisoner on the waiver of his/her Life Parole Consideration Hearing and orders a:

        ☐   One-year denial        ☐   Two-year denial*        ☐   Three-year denial**

*   The Board must find it unreasonable to expect that the prisoner would be eligible for parole during
    the second, or second and third year, and the Board must state the reasons for its finding.

**  In addition to the above (*), the prisoner must have been convicted of more than one offense which
    involves the taking of a life.

(The basis of the finding of good cause for postponement or multiple-year denial must be stated below.)

    ☐   Good cause based on the reasons given by the prisoner.

Other comments (if applicable):

_____

_____

_____

| Signature of BPT Commissioners | | |
|---|---|---|
| 1. | Date | 05/11/ |
| 2. | Date | /05 |

BPT Action Taken At:   ☐ BPT Headquarters        ☒ Institution

| NAME | CDC NUMBER | INSTITUTION | DATE |
|---|---|---|---|
| ALVE, ALEJANDRO | B-77176 | CAL | 5-11-05 |

INMATE COPY

E X H I B I T
#4


COMPLAINT LETTER SENT TO "LANA WONG

DATED:  5/12/05

5/12/05

Alejandro Alve
B-77176 , B2-239L
P.O. Box. 5003
Calipatria, Ca., 92233-5003


. Lana Wong
Board of Prison Terms
1515 K Street, 6th Floor
Sacramento, Ca., 95814


Dear Lana Wong,

   Please Take Notice that on April 27, 2005, not having received a Psychiatric Evaluation to comply with the Board of Prison Terms pre-requisite, I approached the Chief Medical Officer, at Calipatria State Prison, and requested the Psychiatric Evaluation.  I did so because it is my experience that often times staffs' obligations are delegated to prisoners.  (See Ex. "A")

   As seen by the document, the Chief Medical Officer made it clear that it was this office that had the responsibility to schedule the Psychiatric Eva-luation, as it did with the scheduling the confirmation of the attorney, and the BPT Hearing; therefore, it was expected that the reason why this office did not scheduled and/or ordered the Psychiatric Evaluation was intentional because it is inconceivable that the reason why this office did not schedule and/or order the Psychiatric Evaluation was due to an overlook. Such action would imply gross irresponsibility affecting expectation of freedom being that I was compelled, under of threat of being denied parole if I did not signed a BPT postponement until a Psychiatric Evaluation is carried out.

   Please Note:  Thus far, through a series of unjustifiable delays, the BPT Hearing that had beeen scheduled for June, 2004, has now been delayed for over a year.  If the Psychiatric Evaluation was not schuduled and/or ordered because Sacramento saw it fit not to schedul it, then I am hereby requesting an imme-diate re-scheduling of the BPT Hearing; however, if it was due to negligence, I am hereby requesting to be notify of when the Psychiatric Evaluation will be carried out ; and the date of the BPT re-scheduling.

STATE OF CALIFORNIA–CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

BOARD OF PAROLE HEARINGS
5 K Street, 6th Floor
Sacramento, CA 95814



October 11, 2005


Mr. Excel Sharrieff
Attorney at Law
3350 Wilshire Blvd.
Ste. 567

Los Angeles, CA 90010

                                        239
                          Re : ALVE, ALEJANDRO, S.
                               B77176


Dear Mr. Sharrieff:

This is your confirmation to represent the above individual as follows:

                    Type of Hearing:   Subsequent #7
                    Date of Hearing:   Wednesday, November 16, 2005
                              Time:    08:30 AM
                             Place:    Calipatria State Prison
                                       Calipatria
          Attorney Retained by:        State


Please make arrangments to interview your client and review his/her file at
least two weeks prior to the hearing. To ensure that arrangements will be
made for your client to report promptly for the interview, contact the
Institution Hearing Coordinator no later than 48 hours before the
interview.


Institution Hearing Coordinator:       (760) 348 - 7000 ext. 5120

You should anticipate that a representative from the district
attorney's office will participate in the hearing, either by sending a
representative to the institution or via video conference. In
addition, participation by the victim of the crime or the victim's
next of kin may also occur with their appearance at the hearing or via
video conference.

If you have any questions regarding this matter, please contact Linn
Austen, BPT Hearing Coordinator at (916) 324-1492.

Sincerely,

Dennis Kenneally
Executive Director



BY:
Sandra D. Maciel, Manager
Hearing Support Unit

cc: C-File, Inmate

E X H I B I T

#5

INMATE TRUST ACCOUNT STATEMENT
DATED: 7/8/05-8/8/05

EPORT ID: TS3030                                              REPORT DATE: 08/08/05
                                                                  PAGE NO.      1

                        CALIFORNIA DEPARTMENT OF CORRECTIONS
                              CALIPATRIA STATE PRISON
                           INMATE TRUST ACCOUNTING SYSTEM
                           INMATE TRUST ACCOUNT STATEMENT

                   FOR THE PERIOD: JUL. 08, 2005 THRU AUG. 08, 2005

CCOUNT NUMBER : B77176                        BED/CELL NUMBER: FB0200000000239L
CCOUNT NAME   : ALVE, ALEJANDRO S                 ACCOUNT TYPE: I
RIVILEGE GROUP: B

                              TRUST ACCOUNT ACTIVITY

      TRAN
ATE   CODE  DESCRIPTION   COMMENT   CHECK NUM   DEPOSITS   WITHDRAWALS   BALANCE
----  ----  -----------   -------   ---------   --------   -----------   -------

7/08/2005   BEGINNING BALANCE                                            1,412.47

7/20  D300  CASH DEPOSIT   MEMO  0356              200.00                 1,612.47
7/25  FC02  DRAW-FAC 2     B-2   0450                            90.00    1,522.47
8/01  FR01  CANTEEN RETUR  500586                               90.00-    1,612.47
8/05  D300  CASH DEPOSIT   MR/ 500677              200.00                 1,812.47

                              TRUST ACCOUNT SUMMARY

  BEGINNING      TOTAL         TOTAL        CURRENT        HOLDS      TRANSACTIONS
   BALANCE     DEPOSITS    WITHDRAWALS      BALANCE       BALANCE     TO BE POSTED
------------  ----------  ------------  -------------  -----------  -------------
  1,412.47      400.00        0.00        1,812.47        0.00          0.00
------------  ----------  ------------  -------------  -----------  -------------
------------  ----------  ------------  -------------  -----------  -------------

                                                                  CURRENT
                                                                 AVAILABLE
                                                                  BALANCE
                                                             ----------------
                                                                  1,812.47
                                                             ----------------

E  X  H  I  B  I  T

#6

FINAL BPT PAROLE DENIAL

DATED:  11/18/05

BOARD OF PRISON TERMS                           STATE OF CALIFORNIA
LIFE PRISONER:  PAROLE CONSIDERATION PROPOSED DECISION:
                          DENY PAROLE

---

[✓] PAROLE DENIED FOR:          1      2     ③     4     5      YEARS

Place the prisoner on the _10/08_ calendar for his next subsequent hearing.

If this decision is final, you WILL NOT get paroled.  The Board will send you a copy of the decision.  It will indicate the reasons you did not get paroled.  If this decision is not final, the Board will set up another hearing.  You can read the laws about your hearing.  You can find the laws at California Code of Regulations, Title 15, section 2041.

## RECOMMENDATIONS

The Board Recommends:
[✓] No more 115's or 128A's            [ ] Learn a trade*
[ ] Work to reduce custody level       [ ] Get therapy*
[✓] Get self-help*   AA                [✓] Earn positive chronos
[✓] Stay discipline free               [ ] Get a GED*

[ ] Recommend transfer to _____
[ ] Other

_____

_____
_____

*  These programs are recommended if they are offered at your prison and you are eligible/able to participate.

## HEARING PANEL

Name  _Thom Sawyer_                     Date _11_

Name  _Carol J Bentley_                 Date _16 05_

Name  _____           Date _____

| NAME | CDC# | PRISON | DATE |
|------|------|--------|------|
| ALVE, ALEJANDRO | B77176 | CAL-IV | 11/16/2005 |

BPT 1005(b)
(REV 04/04)

INMATE COPY    SENT INMATE COPY

Distribution: White-C File
Canary-BPT
Pink-Prisoner

BOARD OF PRISON TERMS                      STATE OF CALIFORNIA

# LIFE PRISONER PAROLE CONSIDERATION WORKSHEET

☐ INITIAL HEARING        ☒ SUBSEQUENT HEARING # 7

| PRISONER'S NAME<br>ALVE, ALEJANDRO | CDC NUMBER<br>B77176 |
|---|---|
| DATE OF HEARING<br>NOVEMBER 16, 2005   *B49 Aon* | LOCATION<br>CALIPATRIA STATE PRISON, FAC. "B" BPT HEARING ROOM |

## LEGAL STATUS

| DATE RECEIVED<br>10/06/76 | DATE LIFE TERM STARTS (IF DIFFERENT) | COUNTY<br>SAN DIEGO |
|---|---|---|
| OFFENSE<br>MURDER 1ST, USE OF FIREARM | | CASE NUMBER<br>CR 36086 |
| COUNT NUMBER(S)<br>01 | PENAL CODE SECTION(S) VIOLATED<br>PC 187, PC 12022.5 | |
| TERMS<br>LIFE +1 YEAR 4 MONTHS | MEPD<br>11/08/82 | |

## OTHER COMMITMENT OFFENSES OR STAYED COUNTS

| STAYED | OFFENSE | CODE SECTION | COUNTY | CASE NUMBER | COUNT NUMBER |
|---|---|---|---|---|---|
| ☐ | ESCAPE | PC 4530(B) | MARIN | 10088 | 01 |
| ☐ | POSS WPN BY PRISONER | PC 4502 | MARIN | 10088 | 02 |
| ☐ | | | | | |

## PRESENT AT HEARING

| PANEL MEMBER<br>SAWYER | PANEL MEMBER<br>BENTLEY | PANEL MEMBER |
|---|---|---|

OTHERS PRESENT:

☐ PRISONER (IF ABSENT, WHY?) _____

☒ ATTORNEY       EXCEL SHARRIEFF 3350 WILSHIRE BLVD. #567 LOS ANGELES, CA 90010

☒ DEPUTY D.A.   Richard Sachs       COUNTY OF   SAN DIEGO

☐ OTHERS: _____

## STATEMENT OF FACTS

☐ THE HEARING PANEL INCORPORATES BY REFERENCE FROM THE DECISION OF THE HEARING HELD

ON _____ , PAGES _____ THROUGH _____

☒ THE STATEMENT OF FACT IS

☒ QUOTED FROM THE BOARD REPORT, DATED _Nov 04_ PAGE(S) _1,2,3,4,05_

☐ QUOTED FROM THE PROBATION OFFICER'S REPORT, PAGE(S) _____

☐ QUOTED FROM THE COURT OPINION, PAGE(S) _____

*INMATE COPY*
*11/18/05*
*SENT INMATE COPY*

BPT 1000 (Rev. 8/90)

BOARD OF PRISON TERMS
LIFE PRISONER DECISION FACE SHEET                                    STATE OF CALIFORNIA

| | |
|---|---|
| [ ] PAROLE GRANTED – (YES)<br>CDC: Do not release prisoner before<br>Governor's review.<br><br>[X] PAROLE DENIED – (NO)  3 YEARS | Records Use Only<br><br>Parole Release Date_____<br>                YR      MO      DAY.<br><br>Attach Prison Calculation Sheet |

[ ]  AGREED UNSUITABLE (Attach 1001A Form) FOR _____YEAR(S)
[ ]  HEARING POSTPONED/REASON:_____

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**
[X] No more 115's or 128A's                    [X] Stay discipline free
[ ] Work to reduce custody level               [ ] Learn a trade*                    [X] Earn positive chronos
[X] Get self-help*  AA                          [ ] Get therapy*                     [ ] Get a GED*

[ ] Recommend transfer to _____
[ ] Other _____
*These programs are recommended if they are offered at your prison and you are eligible/able to participate.

**Penal Code 3042 Notices**   ☒ SENT   (Date) 10/07/2005

| | | |
|---|---|---|
| Commitment Offense(s) | PC 187, PC 12022.5 | MURDER 1ST, USE OF FIREARM |
| | Code(s) | Crime(s) |
| | CR 36086 | 01 |
| | Case #(s) | Count #'s |

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
|---|---|---|
| 10/06/76 | 10/06/76 | 11/08/82 |

☐ Initial Hearing   ☒ Subsequent (Hearing No.) 7   Date of Last Hearing 05/11/2005

CDC Representative: D. PARAMO, C&PR

| | |
|---|---|
| Attorney for Prisoner: EXCEL SHARRIEFF | Address: 3350 WILSHIRE BLVD. #567 LOS ANGELES, CA 90010 |
| D.A. Representative: Richard Sachs (Video) | County: SAN DIEGO |

This form and the Board's decision at the end of the hearing is only <u>proposed</u> and NOT FINAL.  <u>It will not become final until it is reviewed.</u>

| | | |
|---|---|---|
| Chair _Thom Sawyer_ | Date | 11. |
| Panel Member _Carol J Bentley_ | Date | 16. 05 |
| Panel Member | Date | |

| NAME | CDC # | Prison | CALENDAR | DATE |
|---|---|---|---|---|
| ALVE, ALEJANDRO | B77176 | CAL-IV | 11/16/05 | 11/16/05 |

PREPARED BY<br>SENT INMATE COPY

BPT 1001  (REV. 08/03)                                                    PERMANENT ADDENDA

E  X  H  I  B  I  T

#7

SACRAMENTO CITY COLLEGE
PRESIDENT HIGHEST HONORS
DATED:  Fall 1980 (Semester)

FOLSOM CORDONA UNIFIED SCHOOL DISTRICT
HIGH-SCHOOL DIPLOMA
DATED:  7/17/80

GED CERTIFICATE
#40451



# Sacramento City College

wishes to congratulate

Alexander Alve

who qualified for the

## President's Highest Honors

for an outstanding

scholastic performance

Fall 1980

Semester

President

REC'D CAL APR
APR 27 2004
04 651

# Folsom Cordova Unified School District

Folsom, California

This Certifies That

*Alexander S. Alive*

has completed a High School Course of Studies in accordance with the requirements of the State Board of Education for Graduation from the Twelfth Grade and is therefore awarded this

## Diploma

Given this 17th day of July Nineteen hundred and Eighty

PRESIDENT, BOARD OF EDUCATION

CLERK, BOARD OF EDUCATION

SUPERINTENDENT

PRINCIPAL



REC'D CAL APPEALS
APR 27 2004

04 651

State of California

School Competency Certificate

has met the ... 's Bo...
...tion of t...sis of ...enu...

...California State Board of Education for successful
...D. ...ement and is therefore entitled
...competency certificate.

Michael N. Kurst
President of the California State Board of Education

Superintendent of Public Instruction

40451

E   X   H   I   B   I   T

#8

WORK SUPERVISOR'S REPORTS  &  LAUDATORY CRHONOS

DATED:   3/1/94–6/3/03

STATE OF CALIFORNIA
CDC 101 (1/92)

APR 27 2001

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

04 65 1

GRADES
1 – EXCEPTIONAL
2 – ABOVE AVERAGE
3 – SATISFACTORY
4 – BELOW AVERAGE
    INSATISFACTORY

GRADE
A. DEMONSTRATED SKILL AND KNOWLEDGE
B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS
C. ATTITUDE TOWARD SUPERVISORS AND STAFF
D. INTEREST IN ASSIGNED WORK
E. EFFORT DISPLAYED IN ASSIGNED WORK

GRADE
F. TEAMWORK AND PARTICIPATION
G. LEARNING ABILITY
H. USE OF TOOLS AND EQUIPMENT
I. QUALITY OF WORK
J. QUANTITY OF WORK

PAY STATUS: FROM: $     TO: $
TOTAL # Hours Assigned:     FROM: JOB NO.     TOTAL # Hours Worked:     TO: JOB NO.

INMATE ASSIGNED TO
TEA#A.670

DATE ASSIGNED
04/25/97

ACTUAL WORK CONSISTS OF
A AIDE ABE I/II "B"

PERIOD COVERED BY REPORT
05/01/01–07/31/01

RECOMMENDED FOR:  ☐ REASSIGNMENT  ☒ RETAIN  ☐ PAY INCREASE  ☐ PAY DECREASE     INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
I/M Alve always does exceptional work

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS: AP

SUPERVISOR
I. Pekarek

LENGTH OF SUPERVISION
2 yr. 11 mo

WORK DETAIL
Clerk

ETHNICITY
W

INMATE'S NAME
ALVE

CDC NUMBER
B-77176

INSTITUTION
CALIPATRIA

DATE
8-1-01

---

STATE OF CALIFORNIA
CDC 101 (1/92)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

GRADES
1 – EXCEPTIONAL
2 – ABOVE AVERAGE
3 – SATISFACTORY
4 – BELOW AVERAGE
5 – UNSATISFACTORY

GRADE
A. DEMONSTRATED SKILL AND KNOWLEDGE
B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS
C. ATTITUDE TOWARD SUPERVISORS AND STAFF
D. INTEREST IN ASSIGNED WORK
E. EFFORT DISPLAYED IN ASSIGNED WORK

GRADE
F. TEAMWORK AND PARTICIPATION
G. LEARNING ABILITY
H. USE OF TOOLS AND EQUIPMENT
I. QUALITY OF WORK
J. QUANTITY OF WORK

PAY STATUS: FROM: $ .32   TO: $ .32
TOTAL # Hours Assigned:     FROM: JOB NO.     TOTAL # Hours Worked:

INMATE ASSIGNED TO
TEA#A.670

DATE ASSIGNED
04/25/97

ACTUAL WORK CONSISTS OF
A AIDE ABE I/II "B"

PERIOD COVERED BY REPORT
02/01/01–04/30/0

RECOMMENDED FOR:  ☐ REASSIGNMENT  ☒ RETAIN  ☐ PAY INCREASE  ☐ PAY DECREASE     INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
I/M Alve is an exceptional worker.

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:

SUPERVISOR
I. Pekarek

LENGTH OF SUPERVISION
2 yr 9 mo

WORK DETAIL
Clerk

ETHNICITY
W

INMATE'S NAME
ALVE

CDC NUMBER
B-77176

INSTITUTION
CALIPATRIA

DATE
5-13-01

---

STATE OF CALIFORNIA
CDC 101 (1/92)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

GRADES
1 – EXCEPTIONAL
2 – ABOVE AVERAGE
3 – SATISFACTORY
4 – BELOW AVERAGE
5 – UNSATISFACTORY

GRADE
A. DEMONSTRATED SKILL AND KNOWLEDGE
B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS
C. ATTITUDE TOWARD SUPERVISORS AND STAFF
D. INTEREST IN ASSIGNED WORK
E. EFFORT DISPLAYED IN ASSIGNED WORK

GRADE
F. TEAMWORK AND PARTICIPATION
G. LEARNING ABILITY
H. USE OF TOOLS AND EQUIPMENT
I. QUALITY OF WORK
J. QUANTITY OF WORK

PAY STATUS: FROM: $ .32   TO: $ .32
TOTAL # Hours Assigned:     FROM: JOB NO.     TOTAL # Hours Worked:     TO: JOB NO.

INMATE ASSIGNED TO
TEA#A.670

DATE ASSIGNED
04/25/97

ACTUAL WORK CONSISTS OF
A AIDE ABE I/II "B"

PERIOD COVERED BY REPORT
11/01/00–01/31/01

RECOMMENDED FOR:  ☐ REASSIGNMENT  ☒ RETAIN  ☐ PAY INCREASE  ☐ PAY DECREASE     INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Alve demonstrates superior clerk skills

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:     INMATE'S INITIALS:

SUPERVISOR
I. Pekarek

LENGTH OF SUPERVISION
2 yr. 6 mo.

WORK DETAIL
Clerk

ETHNICITY
W

INMATE'S NAME
ALVE

CDC NUMBER

INSTITUTION

04 651

STATE OF CALIFORNIA
CDC 101 (1/92)

RECEIVED JUL 7 2004

**WORK SUPERVISOR'S REPORT**

DEPARTMENT OF CORRECTIO

GRADES
1 - EXCEPTIONAL
2 - ABOVE AVERAGE
3 - SATISFACTORY
  BELOW AVERAGE
  UNSATISFACTORY

GRADE
___ A. DEMONSTRATED SKILL AND KNOWLEDGE
___ B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS
___ C. ATTITUDE TOWARD SUPERVISORS AND STAFF
___ D. INTEREST IN ASSIGNED WORK
___ E. EFFORT DISPLAYED IN ASSIGNED WORK

GRADE
___ F. TEAMWORK AND PARTICIPATION
___ G. LEARNING ABILITY
___ H. USE OF TOOLS AND EQUIPMENT
___ I. QUALITY OF WORK
___ J. QUANTITY OF WORK

PAY STATUS:  FROM: $                    TO: $                    FROM: JOB NO.                    TO: JOB NO.

TOTAL # Hours Assigned: 32/week

INMATE ASSIGNED TO          TOTAL # Hours Worked: 32/week
TEA#A.670

DATE ASSIGNED 04/25/97

ACTUAL WORK CONSISTS OF A AIDE ABE I/II "B"

PERIOD COVERED BY REPORT 08/01/00-10/31/00

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE   INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
FM Alve is an exceptional worker with a good attitude

SUPERVISOR
T. Pekarek

CODE OF SAFE PRACTICES REVIEWED SUPV'S INITIALS: TP   INMATE'S INITIALS:

INMATE'S NAME
ALVE

LENGTH OF SUPERVISION 2 yrs 4 mos.

WORK DETAIL Clerk

ETHNICITY W

CDC NUMBER B-77176

INSTITUTION CALIPATRIA

DATE 11-20-00

---

STATE OF CALIFORNIA
CDC 101 (1/92)

**WORK SUPERVISOR'S REPORT**

DEPARTMENT OF CORREC

GRADES
1 - EXCEPTIONAL
2 - ABOVE AVERAGE
3 - SATISFACTORY
4 - BELOW AVERAGE
5 - UNSATISFACTORY

GRADE
___ A. DEMONSTRATED SKILL AND KNOWLEDGE
___ B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS
___ C. ATTITUDE TOWARD SUPERVISORS AND STAFF
___ D. INTEREST IN ASSIGNED WORK
___ E. EFFORT DISPLAYED IN ASSIGNED WORK

GRADE
___ F. TEAMWORK AND PARTICIPATI
___ G. LEARNING ABILITY
___ H. USE OF TOOLS AND EQUIPME
___ I. QUALITY OF WORK
___ J. QUANTITY OF WORK

PAY STATUS:  FROM: $                    TO: $                    FROM: JOB NO.                    TO: JOB NO.

TOTAL # Hours Assigned: 32/week

INMATE ASSIGNED TO          TOTAL # Hours Worked: 32/week
TEA#A.670

DATE ASSIGNED 04/25/97

ACTUAL WORK CONSISTS OF A AIDE ABE I/II "B"

PERIOD COVERED BY REPORT 05/01/00-07/31/0

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE   INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Mr. Alve continues to do an exceptional job as clerk.

SUPERVISOR
T. Pekarek   J. Pekarek

CODE OF SAFE PRACTICES REVIEWED SUPV'S INITIALS: TP   INMATE'S INITIALS:

INMATE'S NAME
ALVE

LENGTH OF SUPERVISION 23 months

WORK DETAIL Clerk

ETHNICITY W

CDC NUMBER B-77176

INSTITUTION CALIPATRIA

DATE

---

STATE OF CALIFORNIA
CDC 101 (1/92)

**WORK SUPERVISOR'S REPORT**

DEPARTMENT OF CORRECT

GRADES
1 - EXCEPTIONAL
2 - ABOVE AVERAGE
3 - SATICFORY
4 - BELOW AVERAGE
5 - UNSATISFACTORY

GRADE
___ A. DEMONSTRATED SKILL AND KNOWLEDGE
___ B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS
___ C. ATTITUDE TOWARD SUPERVISORS AND STAFF
___ D. INTEREST IN ASSIGNED WORK
___ E. EFFORT DISPLAYED IN ASSIGNED WORK

GRADE
___ F. TEAMWORK AND PARTICIPATIC
___ G. LEARNING ABILITY
___ H. USE OF TOOLS AND EQUIPMEN
___ I. QUALITY OF WORK
___ J. QUANTITY OF WORK

PAY STATUS:  FROM: $                    TO: $                    FROM: JOB NO.                    TO: JOB NO.

TOTAL # Hours Assigned:

INMATE ASSIGNED TO          TOTAL # Hours Worked: 32 per week
TEA#A.670

DATE ASSIGNED 04/25/97

ACTUAL WORK CONSISTS OF A AIDE ABE I/II "B"

PERIOD COVERED BY REPORT 01/01/00-03/31/0

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE   INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Mr. Alve is an exceptional worker.

SUPERVISOR
T. Pekarek

CODE OF SAFE PRACTICES REVIEWED SUPV'S INITIALS: TP   INMATE'S INITIALS:

INMATE'S NAME
ALVE

LENGTH OF SUPERVISION 18 months

WORK DETAIL Clerk

ETHNICITY W

CDC NUMBER

INSTITUTION

DATE

04 651

STATE OF CALIFORNIA
CDC 101 (L/92)                    APR 27 2004    WORK SUPERVISOR'S REPORT                    DEPARTM

| GRADES | GRADE | | GRADE |
|---|---|---|---|
| 1 - EXCEPTIONAL | | A. DEMONSTRATED SKILL AND KNOWLEDGE | F. TEAMWORK AND PARTICIPAT |
| 2 - ABOVE AVERAGE | | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | G. LEARNING ABILITY |
| 3 - SATISFACTORY | | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | H. USE OF TOOLS AND EQUIPME |
| 4 - BELOW AVERAGE | | D. INTEREST IN ASSIGNED WORK | I. QUALITY OF WORK |
| 5 - UNSATISFACTORY | | E. EFFORT DISPLAYED IN ASSIGNED WORK | J. QUANTITY OF WORK |

PAY STATUS:  FROM: $              TO: $              FROM: JOB NO.              TO: JOB NO.

TOTAL # Hours Assigned:              TOTAL # Hours Worked: 32 per week

INMATE ASSIGNED TO          DATE ASSIGNED     ACTUAL WORK CONSISTS OF
TEA#A.670                    04/25/97          A AIDE ABE I/II 'B'          PERIOD COVERED BY REPORT
                                                                            11/01/99-01/31/C

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE          INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Mr. Alve continues to do an excellent job as clerk
                                                    CODE OF SAFE PRACTICES REVIEWED
SUPERVISOR                                          SUPV'S INITIALS          INMATE'S INITIALS
T. Pekarek
INMATE'S NAME              LENGTH OF SUPERVISION     WORK DETAIL            ETHNICITY
ALVE                       15 months                Clerk                  White
                           CDC NUMBER               INSTITUTION            DATE
                           B-77176                  CALIPATRIA             3/21/00

---

STATE OF CALIFORNIA
CDC 101 (1/92)                                 WORK SUPERVISOR'S REPORT                    DEPARTMENT OI

| GRADES | GRADE | | GRADE |
|---|---|---|---|
| 1 - EXCEPTIONAL | | A. DEMONSTRATED SKILL AND KNOWLEDGE | F. TEAMWORK AND PART |
| 2 - ABOVE AVERAGE | | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | G. LEARNING ABILITY |
| 3 - SATISFACTORY | | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | H. USE OF TOOLS AND E( |
| 4 - BELOW AVERAGE | | D. INTEREST IN ASSIGNED WORK | I. QUALITY OF WORK |
| 5 - UNSATISFACTORY | | E. EFFORT DISPLAYED IN ASSIGNED WORK | J. QUANTITY OF WORK |

PAY STATUS:  FROM: $  N/P  TO: $              FROM: JOB NO.              TO: JOB NO.

TOTAL # Hours Assigned: 32              TOTAL # Hours Worked: 32 per week

INMATE ASSIGNED TO          DATE ASSIGNED     ACTUAL WORK CONSISTS OF
TEA#A.670                    04/25/97          A AIDE ABE I/II "B"          PERIOD COVERED BY REPO
                                                                            08/01/99-1C

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE          INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Excellent worker, very efficient, good attitude
                                                    CODE OF SAFE PRACTICES REVIEWED
SUPERVISOR                                          SUPV'S INITIALS          INMATE'S INITIALS
T. Pekarek
INMATE'S NAME              LENGTH OF SUPERVISION     WORK DETAIL            ETHNICITY
ALVE                       1 year                   Clerk                  W
                           CDC NUMBER               INSTITUTION            DATE
                           B-77176                  CALIPATRIA             11-9

---

STATE OF CALIFORNIA
CDC 101 (Rev. 4/82)                    **WORK SUPERVISOR'S REPORT**              DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE |
|---|---|---|---|
| 1 = Exceptional | | A. Demonstrated Skill and Knowledge | F. Teamwork and Participation |
| 2 = Above Average | | B. Attitude Toward Fellow Inmates and Workers | G. Learning Ability |
| 3 = Satisfactory | | C. Attitude To Supervisors and Staff | H. Use of Tools and Equipment |
| 4 = Below Average | | D. Interest in Assigned Work | I. Quality of Work |
| 5 = Unsatisfactory | | E. Effort Displayed in Assigned Work | J. Quantity of Work |

PAY STATUS: From $              To $              From Job No.              To Job No.

Total No. Hours Assigned: 32              Total No. Hours Worked

SUBJECT ASSIGNED TO          DATE ASSIGNED     ACTUAL WORK CONSISTS OF:
TEA#A.670                     04/25/97          A AIDE ABE I/II "B"          LENGTH OF SUPERVISION
                                                                            1 YR
RECOMMEND FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE
                                                                PERIOD COVERED BY REPORT
                                                                05/01/99-07/31/99

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)          INMATE'S INITIALS
Mr. Alve has been an excellent clerk this past year
SUPERVISOR
T. PEKAREK
INMATE'S NAME                              WORK DETAIL            ETHNICITY

MEDICAL APPENDIX

04 051

**STATE OF CALIFORNIA**
CDC 101 (L/92)

APR 27 2004

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF C

| GRADES | GRADE | | | GRADE |
|---|---|---|---|---|
| 1 - EXCEPTIONAL | | A. DEMONSTRATED SKILL AND KNOWLEDGE | | F. TEAMWORK AND PARTIC |
| 2 - ABOVE AVERAGE | | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | | G. LEARNING ABILITY |
| 3 - SATISFACTORY | | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | | H. USE OF TOOLS AND EQU |
| 4 - BELOW AVERAGE | | D. INTEREST IN ASSIGNED WORK | | I. QUALITY OF WORK |
| 5 - UNSATISFACTORY | | E. EFFORT DISPLAYED IN ASSIGNED WORK | | J. QUANTITY OF WORK |

PAY STATUS: FROM: $          TO: $          FROM: JOB NO.          TO: JOB NO.
TOTAL # Hours Assigned: 32 hrs/week          TOTAL # Hours Worked:

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| TEA#A.670 | 04/25/97 | A AIDE ABE I/II "B" | 02/01/99-04/ |

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE    INMATE'S INITIALS ___

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Exceptional Worker in all areas

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS: tp          INMATE'S INITIALS ___

| SUPERVISOR T. Pekarek | LENGTH OF SUPERVISION 8.5 months | WORK DETAIL Clerk | ETHNICITY White |
|---|---|---|---|
| INMATE'S NAME ALVE | CDC NUMBER B-77176 | INSTITUTION CALIPATRIA | DATE 5-11-99 |

---

**STATE OF CALIFORNIA**
CDC 101 (L/92)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORR

| GRADES | GRADE | | | GRADE |
|---|---|---|---|---|
| 1 - EXCEPTIONAL | | A. DEMONSTRATED SKILL AND KNOWLEDGE | | F. TEAMWORK AND PARTICIPA |
| 2 - ABOVE AVERAGE | | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | | G. LEARNING ABILITY |
| 3 - SATISFACTORY | | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | | H. USE OF TOOLS AND EQUIP |
| 4 - BELOW AVERAGE | | D. INTEREST IN ASSIGNED WORK | | I. QUALITY OF WORK |
| 5 - UNSATISFACTORY | | E. EFFORT DISPLAYED IN ASSIGNED WORK | | J. QUALITY OF WORK |

PAY STATUS: FROM: $ .32   TO: $ .34   FROM: JOB NO. TEA #A670   TO: JOB NO. TEA # A.
TOTAL # Hours Assigned: 32 hrs/week          TOTAL # Hours Worked:

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| TEA#A.670 | 04/25/97 | A AIDE ABE I/II "B" | 08/01/98-10/31/ |

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN -   ☒ PAY INCREASE   ☐ PAY DECREASE    INMATE'S INITIALS ___

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Exceptional Worker in All areas

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS: tp          INMATE'S INITIALS ___

| SUPERVISOR T. Pekarek | LENGTH OF SUPERVISION 4 months | WORK DETAIL Clerk | ETHNICITY White |
|---|---|---|---|
| INMATE'S NAME ALVE | CDC NUMBER B-77176 | INSTITUTION CALIPATRIA | DATE 12-31-98 |

---

**STATE OF CALIFORNIA**
CDC 101 (L/92)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECT

| GRADES | GRADE | | | GRADE |
|---|---|---|---|---|
| 1 - EXCEPTIONAL | 2 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 2 | F. TEAMWORK AND PARTICIPATIO |
| 2 - ABOVE AVERAGE | 2 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 2 | G. LEARNING ABILITY |
| 3 - SATISFACTORY | 2 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 2 | H. USE OF TOOLS AND EQUIPMEN |
| 4 - BELOW AVERAGE | 2 | D. INTEREST IN ASSIGNED WORK | 2 | I. QUALITY OF WORK |
| 5 - UNSATISFACTORY | 2 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 2 | J. QUANTITY OF WORK |

PAY STATUS: FROM: $ .24¢   TO: $ .24¢   FROM: JOB NO. TEA#A.670   TO: JOB NO. TEA#A.6
TOTAL # Hours Assigned: 32 hrs per wk          TOTAL # Hours Worked: Sun-Tues. 0630-1600

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| TEA#A.670 | 04/25/97 | A AIDE ABE I/II "B" | 11/01/97-01/31/98 |

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE    INMATE'S INITIALS A.A.

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS: ___          INMATE'S INITIALS ___

| SUPERVISOR McCurry ABE/II Inst. | LENGTH OF SUPERVISION 10 mo approx | WORK DETAIL organical assist students | ETHNICITY W |
|---|---|---|---|
| INMATE'S NAME ALVE | CDC NUMBER | | |

## STATE OF CALIFORNIA
### CDC 101 (1/92)

REC'D CAL APPEALS

APR 27 2004

**WORK SUPERVISOR'S REPORT**

04 651

DEPARTMENT OF COR

| GRADES | GRADE | | | GRADE | |
|---|---|---|---|---|---|
| 1 - EXCEPTIONAL | 2 | A. DEMONSTRATED SKILL AND KNOWLEDGE | | 2 | F. TEAMWORK AND PARTICIP |
| 2 - ABOVE AVERAGE | 3 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | | 3 | G. LEARNING ABILITY |
| 3 - SATISFACTORY | 3 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | | 3 | H. USE OF TOOLS AND EQUIP |
| 4 - BELOW AVERAGE | 2 | D. INTEREST IN ASSIGNED WORK | | 2 | I. QUALITY OF WORK |
| 5 - UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | | 3 | J. QUANTITY OF WORK |

| PAY STATUS: FROM: $ .15 | TO: $ .24 | FROM: JOB NO. | TO: JOB NO. |
|---|---|---|---|

TOTAL # Hours Assigned: 32 hrs per week   TOTAL # Hours Worked: 32 hrs per wk

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| TEA#A670 | 04-25-97 | A AIDE ABE I/II  "B" | 08/01/97-10/31/9 |

RECOMMENDED FOR:  ☐ REASSIGNMENT  ☒ RETAIN  ☒ PAY INCREASE  ☐ PAY DECREASE    INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE) Communication, tutor

Excellent worker - Great typing skills.

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:

INMATE'S INITIALS

| SUPERVISOR O. Trujillo Trujillo | LENGTH OF SUPERVISION 7MO | WORK DETAIL Clerk | ETHNICITY W |
|---|---|---|---|
| INMATE'S NAME ALVE | CDC NUMBER B-77176 | INSTITUTION CALIPATRIA | DATE 11/24/ |

---

## STATE OF CALIFORNIA
### CDC 101 (1/92)

**WORK SUPERVISOR'S REPORT**

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | | GRADE | |
|---|---|---|---|---|---|
| 1 - EXCEPTIONAL | 2 | A. DEMONSTRATED SKILL AND KNOWLEDGE | | 3 | F. TEAMWORK AND PARTICIPATION |
| 2 - ABOVE AVERAGE | 3 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | | 2 | G. LEARNING ABILITY |
| 3 - SATISFACTORY | 3 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | | 2 | H. USE OF TOOLS AND EQUIPMENT |
| 4 - BELOW AVERAGE | 2 | D. INTEREST IN ASSIGNED WORK | | 2 | I. QUALITY OF WORK |
| 5 - UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | | 3 | J. QUANTITY OF WORK |

| PAY STATUS: FROM: $ .15 | TO: $ .32 | FROM: JOB NO. A 670 | TO: JOB NO. A 670 |
|---|---|---|---|

TOTAL # Hours Assigned: 32 hours per week   TOTAL # Hours Worked:

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| TEA#A.670 | 04-25-97 | A AIDE ABE I/II | 05-01-97 - 07-31-97 |

RECOMMENDED FOR:  ☐ REASSIGNMENT  ☒ RETAIN  ☒ PAY INCREASE  ☐ PAY DECREASE    INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:

INMATE'S INITIALS

| SUPERVISOR O. TRUJILLO Trujillo ABE Instructor | LENGTH OF SUPERVISION 4 MONTHS | WORK DETAIL TEACHER'S AIDE | ETHNICITY W |
|---|---|---|---|
| INMATE'S NAME ALVE | CDC NUMBER B-77176 | INSTITUTION CALIPATRIA | DATE 8/31/97 |

NAME and NUMBER    ALVE    B-77176    B2-239L    [Pos. # TEA-B. 721]

CDC-128-B (Rev. 4/74)

I/M ALVE was assigned as a Student on the Optical Technological Program on 11/22/02. Upon completing all aspects on the basic hands-on training in the Vocational Eyewear Technological Program, he was appointed to the position of Teacher's Aide [TEA-B. 721] on 4/16/03. I/M ALVE has exhibited professionalism and exceptional skills. He is detailed oriented, creative and self-motivated. He is respectful towards his supervisor as well as with students. I/M ALVE has a perfect attendance record.

CENTRAL FILE
CCI
EDUCATION
FILE
INMATE            (LAUDATORY CHRONO)

MR. W.E. COSTO
B-VOC. EYEWEAR
OPTICAL TECHNOLOGICAL PROGRAM.

DATE    6/3/03

GENERAL CHRONO

04 651

## REC'D CAL APPEALS
### APR 27 2004

I/M ALVE'S performance as clerk for ABE-I/II has been superior. He is always punctual and is very professional when it comes to his job duties. He completes all assigned tasks with great attention to detail. He is also very helpful in the area of tutoring the students who need extra help in class. He is respectful and completes all work assigned to him in a timely manner.

CENTRAL FILE
EDUCATION
CCI
WRITER
INMATE

T. PEKAREK
ABE-I/II TEACHER
FAC-A/CAL/CSP

DATE    6/18/01    (Laudatory Chrono)

GENERAL CHRONO

---

NAME and NUMBER    ALVE # 670    B-77176    A1-114L

CDC-128-8 (Rev.

I/M ALVE has been my clerk since 9/1/98. During this time he has been an outstanding clerk with superior skills and abilities to perform his job. He has consistently assisted the students in the class who need remedial help. He has exhibited professionalism and respect toward his supervisor during this time.

CENTRAL FILE
EDUCATION
CCI
WRITER
INMATE

T. PEKAREK
ABE-I/II TEACHER
FAC-A/CAL/CSP

DATE    3/19/01    (LAUDATORY CHRONO)

GENERAL CHRONO

---

AME and NUMBER    ALVE #670    B-77176    A1-134L

CDC-128

Mr. ALVE has been my clerk since September 1, 1998. During this time, he has done a superb job. His attendance record is unblemished and his work ethic is superior. He is very helpful to me as well as with the students who need the extra tutoring.

CENTRAL FILE
EDUCATION
CCI
WRITER
INMATE

T. PEKAREK
ABE I/II TEACHER
FAC-A/CAL/CSP

DATE    6/20/2000    (LAUDATORY CHRONO)

GENERAL CHRONO

I/M  ALVE has domostrated exceptional clerk and leadership skills under my supervision ıs ABE-I/II instructor.  He is detail oriented and begins tasks as soon as they are assigned to him.  He is very intelligent and extremely skilled at this position. He is very respectful towards me as well as his classmates.  He is creative and self-motivated and never wastes classtime.  He is a workhorse.  When he isn't busy completing an assignment for me he will always be found tutoring the students with their classwork.  He is an asset to our class.

CENTRAL FILE
CCI
EDUCATION
WRITER
INMATE

*T. Pekarek*

T. PEKAREK
ABE-I/II INSTRUCTOR
FAC-A/CAL/CSP

(Laudatory Chrono)

DATE  11/4/01

GENERAL CHRONO

March 25, 1995

Fred Cano
7018 Blair Rd.
Calipatria State Prison
Calipatria, Ca. 92233

Parole Board
Calipatria State Prison
Calipatria, Ca. 92233

To Whom it may concern:

It has come to my attention that Mr. Alejandro Alve, I/M
CDC # B-77175, has been scheduled for a parole hearing in the near future.
I would like to take this opportunity to show my support for Mr. Alve.

Mr. Alve has been a teacher's aide clerk in my English as a Second Language
(ESL) class here at Calipatria State Prison "D" facility since March 1, 1994.
Mr. Alve has been outstanding not only as a clerk but in assisting teaching
English to our ESL students. He has also help tremendously in maintaining a
successful learning environment in my ESL class.

Mr. alve's conscientious attitude towards learning is reflected in his effort and
skills used to prepare grammar lesson plans for our ESL students. Mr. Alve
teaches, tutors, and guides the students through these lessons. He occasionally
counsels other inmates about personal problems as well as educational
classroom difficulties they may be experiencing. Because of this, Mr. Alve is well
respected not only by all our students, but by all staff as well. Mr. Alve has
earned this respect because of his respect towards everyone around him, staff
and inmates alike.

If Mr. Alve was a free man, perhaps I would be making this recommendation for a
job. Understanding what the circumstances are, I would like to recommend Mr.
Alve for whatever this letter may help him with the Parole Board. I would also like
to take this opportunity to officially thank Mr. Alve for all his efforts in assisting
me. He is truly an asset to our class.

Sincerely and Yours in Education,


Fred Cano
ESL teacher

APR 27 2004

04 651

NAME and NUMBER    ALEJANDRO ALVE #670  B-77176

CDC-128-B (Rev

I/M ALVE has been my clerk for the past nine months. During this time he has
proven to be a very diligent and reliable worker. His attendance has been perfect
He also is a big help with tutoring individual students. He completes all assignments
given to him promptly. He has a very professional attitude and work ethic.

CENTRAL FILE
CCI
EDUCATION
WRITER
INMATE

*T. Pekarek*

T. PEKAREK
ABE-I/II INSTRUCTOR
FAC-A/CAL/CSP

DATE    5/23/99

GENERAL CHRONO

---

NAME and NUMBER    ALVE  #670  B-77176    A4-136L

CDC-120-B (Rev. 4/

I/M ALVE has been a Teacher's Aide clerk in my ABE-I/II Class here at Calipatria
State Prison "A" Facility since April 25th, 1997. I/M ALVE has been outstanding not
only as a clerk but in assisting tutoring and guiding students through their curriculum
tasks. I/M ALVE'S conscientious attitude towards learning is reflected in his effort
and skills used to assist students academically; and in maintaining a successful learning
environment in my class (ABE-I/II). I/M ALVE is a reliable and responsible worker who
has maintained a perfect attendance record since his assignment to Education Program
ABE-I/II.
CENTRAL FILE
CCI
EDUCATION
WRITER
INMATE

*O. McCurry*

O. McCURRY
ABE-I/II INSTRUCTOR
FAC-A/CAL/CSP

DATE    6/22/98

GENERAL CHRONO

E  X  H  I  B  I  T

#9


SUPERVISOR'S RECOMMENDATION  TO POSITION AS TEACHER'S AIDE

DATED:   2/3/03

&

LAUDATORY CHRONO AFTER PETITIONER'S POSITION AS TEACHER'S AIDE
DATED: 6/3/03

NAME and NUMBER    ALVE    B-77176    B2-239L

CDC-128-B (Rev. 4/74)

I/M Sudent Alve has completed all aspects on the basics hands
on training and the Optical Technological Program. Having completed
the basics hands on training, I recommend that he be placed on the
position as Teacher's Aide [TEA-B. 721].


cc:
      CCI (B2)


MR. COSIO
VOC. EYEWEAR
INSTRUCTOR.

DATE  2/4/03

GENERAL CHRONO

NAME and NUMBER    ALVE    B-77176    B2-239L    [Pos. # TEA-B. 721]

CDC-128-B (Rev.

I/M ALVE was assigned as a Student on the Optical Technological Program on 11/22/02. Technological Program, he was appointed to the position of Teacher's Aide [TEA-B. 721] on 4/16/03. I/M ALVE has exhibited professionalism and exceptional skills. He is detailed oriented, creative and self-motivated. He is respectful towards his supervisor as well as with students. I/M ALVE has a perfect attendance record.

CENTRAL FILE
CCI
EDUCATION
FILE
INMATE

(LAUDATORY CHRONO)



MR. W.E. COSTO
B-VOC. EYEWEAR
OPTICAL TECHNOLOGICAL PROGRAM.

DATE   6/3/03

E  X  H I B  I T

#10

CHANGE OF TITLE FOR THE HONOR PROGRAM HOUSING UNITS B1 &B2

DATED:  8/19/03

State of California

Department of Corrections

# Memorandum

Date    :    AUG 1 9 2003

To    :    ALL STAFF
         ALL INMATES

Subject :    CHANGE OF TITLE FOR THE HONOR PROGRAM HOUSING UNITS B1 & B2

The purpose of this memorandum is to advise staff and inmates that a change of title for the Honor Program Units B1 and B2 has been approved. Effective immediately Housing Units B1 and B2 will be addressed as the Inmate Work Training Incentive Program Housing Units (IWTIPHU).

If you should you have any questions regarding this issue, please contact S. D. Leapheart, Facility B Captain at extension 6210.

Sincerely,

SILVIA GARCIA
Warden
Calipatria State Prison

CDC 1617 (3/89)

E   X   H   I   B   I   T

#11

MENTAL HEALTH EVALUATION
FOR THE BOARD OF PRISON TERMS
SUBMITTED BY:  JOHN R. BELLINGER, PH.D.
PSYCHOLOGIST

DATED:  7/27/05

## MENTAL HEALTH EVALUATION
## FOR THE BOARD OF PRISON TERMS

NAME: ALVE, ALEJANDRO

CDC: B77176

DOB:  04/13/47

LOCATION: CAL

DATE: (07/27/05)

HOUSING:  B2-239L

This evaluation was conducted at the Board's request for a current assessment of Mr. Alve's dangerousness.  The report of Dr. D. Middleton, written January 9, 2001, stated Mr. Alve's "…. level of dangerousness cannot be assessed".  The Board has requested a "definitive assessment of dangerousness".  In preparation for this interview I obtained and received his Unit Health Record and Central File. Additional information was gathered from a face-to-face interview conducted on the above date.

### CLINICAL ASSESSMENT

I.     **CURRENT MENTAL STATUS/TREATMENT NEEDS:**  Mr. Alve is a bald middle aged male appearing about his stated age.  He has grown a white mustache.  His grooming and hygiene were considered good and clothing clean and neat.  His facial expression was intense, but he remained attentive and composed throughout the interview.  He was adequately oriented and aware of the nature of the interview.  He spoke at a normal pace, at a low tone with a slight accent.  There were no problems in receptive or expressive language as his speech was appropriate and goal oriented.  His eye contact and motor activity were considered appropriate for the situation.  A working degree of rapport was established.  He presented himself as self contained and expressionless yet with confidence and positive aspirations for the future, which seemed to be realistic. He described himself as being hopeful, diligent in setting goals and pursuing them, and determined to be consistent with these goals.  When making decisions he reflects upon outcomes; these are based upon information he "holds" at that time.

He is now a divorced man.  If released he would live with one of his sisters in the San Diego area.  He feels that skills learned prior to prison, as well as those within prison, would readily enable him to get some type of employment; for example, in upholstery, tailoring, carpentry or optical work.  Alternate plans are to

INMATE COPY

buy defective clothing, in bulk, and repair them on his sewing machine for sell at swap meets.

He had difficulty in describing his usual mood, neither being sad nor happy, as he is in prison. Also, being removed from his family makes him sad. He denied being suicidal. In 1986, he claims to have made such an attempt when his escape was foiled; he is now pleased to be alive. He said he never becomes angry but only frustrated; i.e., over situations such as the Parole Board's delay. He enjoys learning and currently has solicited an oriental inmate to begin giving him Chinese lessons. He believes China will become a more important industrial power in the future. He keeps up with current events on television. While in prison he has completed the GED and taken some college work. His aspiration was to become a teacher. His most satisfying jobs were in clerical, as a teacher's aide.

In November 2003, he refused to report to job assignment. He had been removed from optical work and "reassigned" to the dining hall. He refused to report there, saying that he had been certified as a clerk. Mr. Alve produced court documents in which the judge has ordered a restoration of his status because District Attorney failed to make the formal response within the time limitations.

Mr. Alve is not the nervous type and only worries about living long enough to be with his family. He showed no impairment in concentration. His memory is considered grossly intact, as he was able to give detailed accounts of his past life. His fund of information and verbal ability are considered at least average. His thoughts are expressed coherently, clearly and rationally. There were no signs of obsessions, phobias, hallucinations or delusions. His abstract thinking is at a functional level. His social and moral judgment seems to have been improved during the years. As noted in the past seventeen years he has made positive adaptive decisions in lowering his placement score to nineteen. He has common sense reasoning, which has grown beyond self-centered impulsive behavior. For example, now if he were to find a wallet on the street he would look for the appropriate address to find the individual or turn it into the police. Narcissistic characteristics are noted; he considers the most important people to have ever lived were his parents; they produced him.

In the past his behavior was based upon immediate need gratification involving in a variety of illegal substances, alcohol, and conning people to get his way. For instance, his first prison sentence was in the Federal Penitentiary at Lompoc for smuggling illegal aliens across the border. While there, at age eighteen, he was introduced to marijuana, alcohol, LSD, uppers and downers. He continued his abuse of substances upon release and even while married. This became a way of life for approximately seven years. He said that he did not join gangs or was not involved in altercations. Only occasionally he would party with others or go to bars, which happened to be on the night of his arrest. He seems not to have

INMATE COPY  SENT INMATE COPY  8/8/15

accepted responsibility for his actions in the instant crimes contributing this to substance abuse.

## CLINICAL DIAGNOSIS AND LEVEL OF FUNCTIONING:

I.      Polysubstance Dependence in remission.
II.     Antisocial Personality Disorder with narcissistic traits.
III.    No problems reported.
IV.     Average stress on Level IV yard and concern regarding the upcoming Board of Prison Terms hearing.
V.      Good overall assessment of functioning.

II.     **REVIEW OF LIFE CRIME:**  The C-File information records that Mr. Alve was charged and convicted of two murders.  In both cases alcohol and drug abuse were involved and he frightened and threatened the victims, including one of the murdered victim's mother.

In the first murder he denied any involvement, saying that he and his wife were in Las Vegas.  Regarding the second crime, he met the victim at a bar; they picked another fellow and returned to the first man's home.  All were drinking and using uppers and downers.  As he was leaving the man's home, he saw the police and thought they were "after me" for a traffic violation.  The other man was arrested but released.  At the time Mr. Alve claimed to be innocent of any crime; supposedly he took a lie detector test and sodium pentothal to prove this; the results were inconclusive.  Causative factors in these crimes appear to be diminished judgment, due to alcohol and drugs use, as well as a callous disregard for others.  Because he denied the crime, no remorse was expressed.

III.    **ASSESSMENT OF DANGEROUSNESS:**  Mr. Alve said that anyone could be "capable of doing something".  Because he was "so drugged out", he does not recall what happened but vowed to refrain from substance abuse thereafter.  Apparently, he has made good on the latter promise.  He is hopeful that the Board will see that he has been responsible for his actions in the past "thirty years".  It is noted that seventeen years ago he made an escape attempt.  No aggressive behavior has been cited since 1993.  However, some passive aggressiveness is indicated by the more recent 115s.  In 2000 he refused to submit thumb or palm print.  Two CDC 115s were issued and dismissed in 2003 for disobeying orders and failure to report.  It is also noted that in 2003 this examiner attempted to see Mr. Alve for Clark testing.  At that time he refused saying he.... "resists anything that he is not compelled by law to do".  These examples may indicate problems in compliance with parole conditions.

If released to the community, under supervision of his family, his level of dangerousness would be far below that of the average Level IV inmate.  He

INMATE COPY

might become at high risk for acting out if encountering frustrations in the transitions, such as termination of family support, inability to find employment or resumption of alcohol abuse. The latter would certainly put his potential for violence at an above average level.

IV.    **RECOMMENDATIONS:** At this time no Mental Health recommendations are made. Mr. Alve, to his credit seems to have done everything that he could to demonstrate his ability to prepare himself for release. He is not seen in need of drug or alcohol treatment. However, it is recommended if he were not required to attend AA/NA meetings that he at least be monitored through intervention at parole outpatient setting.

*John R Bellinger, PhD*
JOHN R. BELLINGER, PH.D.
PSYCHOLOGIST
CALIPATRIA STATE PRISON

INMATE COPY        INMATE COPY 81815

ALVE, ALEJANDRO    B77176    BPT REPORT    CAL        IPB/

E X H I B I T

#12

COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE

Case No. D049296   (San Diego County Superior Court No. CR 36086)
Dated: 10/23/06

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk

OCT 2 3 2006

Court of Appeal Fourth District

In re ALEJANDRO ALVE

on

Habeas Corpus.

D049296

(San Diego County
Super. Ct. No. CR 36086)

THE COURT:

The petition for writ of habeas corpus has been read and considered by Justices Nares, Haller and McDonald.

In 1976 a jury convicted Alejandro Alve of two counts of first degree murder and simple assault. The court sentenced him to death. Alve appealed the conviction and sentence which resulted in the reduction of the death sentence to a sentence of life in prison with the possibility of parole and a retrial to address the issue of Alve's sanity. A second jury found Alve was sane when he committed the offenses. Alve appealed this decision and the judgment was affirmed on appeal.

At a November 2005 parole consideration hearing, the Board of Prison Terms (Board) found Alve unsuitable for parole. The Board reasoned Alve would pose an "unreasonable risk and danger to society or threat to public safety" if paroled. The Board further based its decision on the cruel and callous nature of the offenses and his prior

Regs., tit. 15, § 2402, subd. (c)(1).)  On October 3, 1975, David Stephens and Gary Dores locked up a bar and prepared to leave out the back door.  Alve approached the two men, pointed a handgun at them, and demanded money.  Dores complied and gave him money from inside the bar.  Alve then ordered Dores to orally copulate him.  A few minutes later, Dores and Alve struggled with the gun.  Two shots were fired and Stephens hid behind the bar.  Alve ordered Stephens to get up and ordered both men to walk to the restroom and take off their clothes.  Alve said he was going to kill them and locked Stephens in a closet where he heard commotion and a gunshot.  Alve ordered Stephens out of the closet and asked for a beer.  Stephens gave Alve a beer before being locked up in the closet again.  Stephens then heard another gunshot followed by the sound of the back door closing.  Stephens eventually broke himself out of the closet and called the police.  The police found Dores naked and dead on the floor with a knife protruding from his abdomen.  Dores also had been shot twice in the head, stabbed in the neck, and his genitals had been cut five times.

On November 9, 1975, police officers received a call concerning a burglary in progress.  Upon reaching the scene, the officers entered the house and followed a trail of blood leading into a bedroom.  They found a body in the bedroom doorway.  The victim's 83-year-old mother stated Alve had beaten her and ransacked the residence.  The police apprehended Alve and an investigation of the crime scene showed the victim had been stabbed in the chest with a butcher knife.

The nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole, so long as the Board does not fail to consider all other relevant factors.

3

E  X  H  I  B  I  T

#13

AFFIDAVIT
BY PRISONER BARTON, T-06717

CDC-602, Dated 7/30/03
BY PRISONER JAVIER PIMENTAL, E-81084

I was refused access to my assigned place in office services, due to me being part of a group 602 that I signed on 7-24-03.

I was refused access on 7-25-03, 7-28-03, and 7-29-03, and I was given a 115 for refusing to go to work on those days. I did not refuse to go to work I was denied access. the 115 was dropped.

I have Three 128-A (8/87), and 128-B (Rev. 4/74) for 7-25-03, 7-28-03, and 7-29-03

Issued by C.O. Dean, CO. Sidhu, and C.O. Veloz

AFFIDAVIT

Inmate/ Barton # T-06717
B-2, 219-Low
(7)

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.                 Category

1. _____          1. _____

2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME PIMENTAL. J | NUMBER E-81084 | ASSIGNMENT OFFICE SERVICES | UNIT/ROOM NUMBER B2-125U |
| --- | --- | --- | --- |

A. Describe Problem: __This Appeal is being submitted to this Office Appeals' Office, pursuant to__ to CCR Title 15, sec. 3084.7(a)(1)(2) against "B" Work-Change Staff and Srgt. Sudden.  When circumstances are such that regular appeal time limits may result in serious and irreparable harm, as in this case, the Emergency Appeal Procedure is in order.  The following events tat occurred on 7/24/03 give cause to proceed with the appeal.

On 7/24/03, pursuant to CCR Title 15, sec. 3084.1(a)(f) a Group Appeal was submitted to "B" Work-Change Staff.  I, like everyone else, signed the Petition (Group Appeal).  The

(SEE ATTACHED SHEET FOR CONTINUATION)

If you need more space, attach one additional sheet.

B. Action Requested: __It is requested that Administration initiate an investigation on the matter__ exposed above in section "A"

Inmate/Parolee Signature: _Javier Pimental_ E-81084     Date Submitted: 7/30/03

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Petitione dealt with the manner in which the "Body-Inspections" were being carried-out by Staff; and in the Group Appeal we were asking Staff to conduct the "Body-Inspections" in compliance with CCR Title 15, sec. 3287(b). The "Body-Inspections" were being conducted with the doors open in view of personnel and others; so we were asking to conduct the "Body-Inspections" with the doors closed and in a manner which avoids embarrassment or indignity to the Inmate.

The Group Appeal was delivered at the Chow-Hall and in the presents of everyone who had signed it.

At the end of the shift, when I began to strip at the Work-Change area, C/O Limon said, "You know, what you sow ,you will reap". Immediately C/O Sidhu who was checking me (strip) made the following remark: "I recognized your name on the List", adding, "I know you're related to Jesse, the boxer. He lives here in the area, right?" I told him, "I don't think that's your business where he lives. That's personal" He stated. "This is personal too, you're not crossing here again." When he said that, I said to him, "You don't have the authority to do that, you can't stop me from comming to my Vocational Program."

On the following day, 7/25/03, I was stopped from crossing to my assigned Vocational Program and was told to talk to the Sergeant. I went over to talk to Srgt Sudden and sked him what he wanted to talk to me about. And he said, "You're not crossing to work." I explained to him what has happend and what was about. But he told me that I was going to get a "CDC-115 for Inciting a Riot" When I tried to complain about it he told me: "Also, you are going to be un-assigned from your Vocational Program and from the Honor Yard Program" I try to reason with him but to no avail. The same thing that he was telling me he told the other 3 inmates that were also complaining about it (two blacks and one white).

Having suffered threats and deprivations of right and privileges for having signed a Group Appeal constitutes Reprisal for having exercised my right to appeal any decision or policy which is adverse. Here, the deprivation of having access to my Vocational Training Program, being threatened with remarks (from C/O Sidhu) to harm family member with retaliation for my having signed the Group Appeal and the threat of Srgt Sudden to Un-assign me from my Vocational Training Program and issue me a CDC-115 for Inciting A Riot, constitutes abuse of authority under color of law.

Therefore, it is here requested that Administration investigate immediately the aforementioned abuse of authority and threats carried-out by Staff; and upon the findings to reprimand Staff appropriately. Failure to initiate an investigation.and Failure to act will constitute CONDONING UNLAWFUL PRACTICES and ACTIONS perpetrated by Staff under color of authority and under Administration's authority.; and in such case, the last resource will be to approach the courts to find remedy to the overt abuse of authority displayed by Staff, here at Calipatria State Prison.

Dated: 7/30/03

Pimental, J. E81084

(-9-)

E  X  H  I  B  I  T

#14


SUPERIOR COURT, IMPERIAL COUNTY
COURT ORDER GRANTING RELIEF ON BOTH CASES:

Case No.  EHC00572, Dated 5/3/04
Case No.  EHC00581, Dated 5/10/04

000205



FILED

2005 MAY -6  PM 4: 56

JOSE Q. GUILLEN
CLERK-SUPERIOR COURT
IMPERIAL COUNTY, CA



1

2

3

4

5

6

7

8 IMPERIAL COUNTY SUPERIOR COURT

9

10 IN RE:                                    Case No.: EHC00572

11 ALEJANDRO ALVE,                           ORDER GRANTING PETITION
                                             FOR WRIT OF HABEAS CORPUS
12         Habeas Corpus.

13

14      Petitioner's writ challenges CDC's finding Petitioner guilty of "refusing to report to

15 assignment." Petitioner submitted an administrative appeal, which was rejected by CDC.

16      Petitioner asserts CDC's action against Petitioner is unlawful and in retaliation for

17 Petitioner having submitted a "group appeal" protesting body inspection.

18      Petitioner allegedly was improperly reassigned from a clerk's position as a teacher's aide

19 to work in the kitchen in violation of CCR, Title 15, section 3040(e). Upon being reassigned,

20 Petitioner allegedly refused to accept his new work assignment.

21      This Court issued an Order to Show Cause on February 3, 2005, and ordered

22 Respondent to return any response within thirty days.

23      On March 11, 2005, after time to respond had expired, Respondent filed a belated

24 request for an extension of time until April 11, 2005, which was granted.

25

ORDER RE: HABEAS CORPUS - 1

000098

FILED

2005 MAY 11 PM 3:18

JOSE O. GUILLEN
CLERK-SUPERIOR COURT
IMPERIAL COUNTY, CA

1

2

3

4

5

6

7

8                          IMPERIAL COUNTY SUPERIOR COURT

9

10   IN RE:                                    Case No.: EHC00581

11   ALEJDANDRO ALVE,                          ORDER GRANTING PETITION
                                                FOR WRIT OF HABEAS CORPUS
12              Habeas Corpus.

13

14        Petitioner filed a Writ of Habeas Corpus on January 14, 2005, and Respondent was

15   ordered to Show Cause, and a return date was set for March 28, 2005. The Court granted a

16   request for extension of time, and rescheduled Respondent's return for April 27, 2005.

17   Respondent's second request for extension of time was filed April 27, 2005. Said request was

18   denied by the Court.

19        A prima facie case having been established by Petitioner, and Respondent having failed

20   to timely file a return, this Court grants Petitioner's writ of habeas corpus.

21        Respondent is ordered to set aside the adverse CDC-115 finding against Petitioner and

22   expunge from Petitioner's central file all records of such previous adverse findings. Any

23   sentence credits and privileges lost as a result thereof are ordered restored.

24   DATED:  May 10, 2005

25
                                        _____
                                        RAYMOND A. COTA
                                        Presiding Judge

                          ORDER RE: HABEAS CORPUS - 1

**000099**





2005 MAY 11 PM 3:18

JOSE C. GUILLEN
CLERK-SUPERIOR COURT
IMPERIAL COUNTY, CA

### PROOF OF SERVICE BY MAIL

I am not a party to the within action. My business address is 939 Main

Street, El Centro, California.

I served a copy of the attached ORDER GRANTING PETITION FOR WRIT

OF HABEAS CORPUS by placing a true copy thereof in a sealed envelope with

postage thereon fully prepaid in the United States mail, at El Centro, California,

on May 11, 2005 addressed as follows:

ALEJANDRO ALVE B-77176
P. O. Box 5003
Calipatria, CA 92233-5003

Office of Attorney General
P.O. Box 85266
San Diego, CA 92186-5266

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 11, 2005, at El Centro, California.

ELIZABETH ADAME