```
 1  EDMUND G. BROWN JR.
    Attorney General of the State of California
 2  DANE R. GILLETTE
    Chief Assistant Attorney General
 3  JULIE L. GARLAND
    Senior Assistant Attorney General
 4  HEATHER BUSHMAN
    Supervising Deputy Attorney General
 5  LINNEA D. PIAZZA, State Bar No. 246868
    Deputy Attorney General
 6   110 West A Street, Suite 1100
     San Diego, CA 92101
 7   P.O. Box 85266
     San Diego, CA 92186-5266
 8   Telephone: (619) 645-2221
     Fax: (619) 645-2581
 9   Email: Linnea.Piazza@doj.ca.gov

10  Attorneys for Respondent
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| ALEJANDRO ALVE,<br><br>                                  Petitioner,<br><br>     v.<br><br>L.E. SCRIBNER, WARDEN,<br><br>                                Respondent. | 08CV0162 W (LSP)<br><br>**RESPONDENT'S NOTICE OF MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**<br><br>Judge: The Honorable Leo S. Papas |
|---|---|

```
 1  EDMUND G. BROWN JR.
     Attorney General of the State of California
 2  DANE R. GILLETTE
     Chief Assistant Attorney General
 3  JULIE L. GARLAND
     Senior Assistant Attorney General
 4  HEATHER BUSHMAN
     Supervising Deputy Attorney General
 5  LINNEA D. PIAZZA, State Bar No. 246868
     Deputy Attorney General
 6    110 West A Street, Suite 1100
      San Diego, CA 92101
 7    P.O. Box 85266
      San Diego, CA 92186-5266
 8    Telephone: (619) 645-2221
      Fax: (619) 645-2581
 9    Email: Linnea.Piazza@doj.ca.gov

10  Attorneys for Respondent
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| ALEJANDRO ALVE, | 08CV0162 W (LSP) |
|---|---|
| Petitioner, | RESPONDENT'S NOTICE OF MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF. |
| v. | |
| L.E. SCRIBNER, WARDEN, | |
| Respondent. | |
|  | Judge: The Honorable Leo S. Papas |

TO PETITIONER ALEJANDRO ALVE (B-77176), IN PRO PER:

PLEASE TAKE NOTICE THAT Respondent L.E. Scribner, Warden of Calipatria State Prison, hereby moves to dismiss the Petition for Writ of Habeas Corpus because the Petition is untimely within the meaning of 28 U.S.C. § 2244.

///

///

///

///

1   Pursuant to Local Rule 7-15, Respondent requests that this Motion be submitted without a
2   hearing.  This Motion is based on this Notice of Motion, as well as the supporting Memorandum
3   of Points and Authorities, exhibits, the record in this action, and such other matters as may
4   properly come before the Court.

5   Dated:  April 10, 2008

6               Respectfully submitted,

7               EDMUND G. BROWN JR.
                Attorney General of the State of California

8               DANE R. GILLETTE
                Chief Assistant Attorney General

9               JULIE L. GARLAND
10              Senior Assistant Attorney General

11              HEATHER BUSHMAN
                Deputy Attorney General

12              /s/ Linnea D. Piazza

13              LINNEA D. PIAZZA
14              Deputy Attorney General

15              Attorneys for Respondent

16  LDP/scb
    70117254.wpd
17  SD2008700177

18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner Alejandro Alve is lawfully in the custody of the California Department of Corrections and Rehabilitation serving an indeterminate life term for two counts of first degree murder with a deadly weapon. (Lodg. 1 - Legal Status Summary.)[1] Petitioner filed a Petition for Writ of Habeas Corpus challenging the Board of Parole Hearings (Board) November 16, 2005 decision finding him unsuitable for early release to parole. Respondent moves to dismiss the Petition for Writ of Habeas Corpus because it is barred by the statute of limitations.

## ARGUMENT

### THE PETITION MUST BE DISMISSED BECAUSE IT IS TIME-BARRED BY THE ONE-YEAR PERIOD OF LIMITATIONS SET FORTH IN 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations on the filing of federal habeas petitions by state prisoners "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).[2] The AEDPA statute of limitations period applies to a petition challenging an administrative decision. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004); *see also Redd v. McGrath*, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (assuming without deciding that the limitations period applied to a habeas petition challenging an administrative parole decision). The Court must resolve statute of limitations issues before deciding the merits of individual claims. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002).

The one-year AEDPA statute of limitations period on challenges to the Board's parole suitability decisions begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Redd*, 343 F.3d at 1082-85. Once the limitations period begins to run, it may be tolled during the pendency of a "properly filed application for State post-conviction or other

---

1. All lodgments are attached to the Notice of Lodgment filed concurrently.

2. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 107(c), 110 Stat. 1214, 1226 (1996) applies to the Petition, because it was filed after the Act's date of enactment (April 24, 1996).

08CV0162 W (LSP)

3

collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). An application is "pending" from the time a petitioner files his first application for state court review, until he receives a decision on his final application for state court review. *See Carey v. Saffold*, 536 U.S. 214, 217-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). Thus, tolling of a federal petition during the pendency of state petitions generally includes the interval between the dismissal of one state application and the filing of the next.

However, applications must be timely filed, or filed within a "reasonable time," to be considered pending. *Saffold*, 536 U.S. at 217-21; *Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846, 849, 163 L. Ed. 2d 684 (2002). The United States Supreme Court explained in *Chavis* that it previously "held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law . . . did not differ significantly from other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Chavis*, 546 U.S. at 199-201 (emphasis in original). *Chavis* found that an "unexplained" and "unjustified" delay of six months, which was "far longer than the 'short period[s] of time, 30 to 60 days, that most States provide for finding an appeal," and longer than the ten-day period to file an appeal to the California Supreme Court, was unreasonable. *Id.* at 201. Recently, California's Central District found that unexplained and unjustified delays of 71 and 93 days between state habeas corpus petitions were unreasonable. *Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006).

Here, Petitioner, who was present at the parole suitability hearing and decision on November 16, 2005, discovered the predicate to his claim on that date. (Lodg. 2 - Subsequent Parole Consideration Hearing Transcript, dated November 16, 2005.) Therefore, the statute of limitations began to run as early as November 17, 2005. In the alternative, the statute of limitations period began to run the day after Board's decision became final on March 16, 2006. *See* Cal. Pen. Code § 3041(b) (the Board has 120 days to review its decision before it becomes final). (Lodg. 2 at 72.) As set forth below, even if the statute of limitations period began to run

///

from the later date, the Petition was filed after the one-year statute of limitations period had already expired.[3]

Petitioner is not entitled to statutory tolling from the date the Board's decision became final to the date he filed his state superior court petition on June 19, 2006.[4] (Lodg. 3 - Imperial County Superior Court Petition, Case Number HC17081 at Proof of Service.) Thus, from March 16, 2006 to June 19, 2006, 94 days had already lapsed on the one-year statute of limitations period.

Petitioner is entitled to statutory tolling from the date he filed his state superior court petition, to the day the state appellate court denied his petition. Petitioner is entitled to statutory tolling for the period between the filing of his state superior court petition on June 19, 2006 and the court's decision denying his petition on August 16, 2006. (Lodg. 3; Lodg. 4 - Superior Court Order.) Petitioner is also entitled to tolling for the period between the denial of the superior court petition, and the filing of his state appellate court petition on August 27, 2006. (Lodg. 4; Lodg. 5 - Appellate Court Petition at 21.[5]) Finally, Petitioner is also entitled for tolling between the filing of his state appellate court petition, and the appellate court order denying the petition on October 23, 2006. (Lodg. 5; Lodg. 6 - Appellate Court Order.) Thus, Petitioner is entitled to a total of 127 days of tolling from June 19, 2006 to October 23, 2006.

///

---

3. Assuming the statute of limitations period began to run from the date of the Board's decision, Petitioner filed his federal petition 136 days after the limitations period had expired. *See* discussion *infra* (797 total days ran since the Board's decision and filing of this Petition, minus 296 days of tolling, minus the 365-day statute of limitations period equals 136 days). However, Respondent will calculate the statute of limitations period from the date the Board's decision became final, to illustrate that even under a more favorable application of 28 U.S.C. § 2244(d)(1)(D), the Petition is time-barred.

4. Under the prison mailbox rule, "a prisoner's federal habeas petition should be considered to have been filed when he gave it to prison authorities for mailing." *Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

5. Notably, the appellate court petition is practically identical to the superior court petition, thus, Respondent submits that there should be no reason Petitioner could not have filed the appellate court petition earlier. (Lodg. 3; Lodg. 5.)

08CV0162 W (LSP)

5

Petitioner is not entitled, however, to statutory tolling for the 281-day delay between the state appellate court's denial on October 23, 2006 and the filing of his California Supreme Court petition on August 1, 2007. (Lodg. 6; Lodg. 7 - California Supreme Court Petition at Proof of Service.[6]) This unexplained and unjustified delay of 281 days is unreasonable, meaning that the application was not timely and the statute of limitations should not be tolled.[7] *Chavis*, 546 U.S. 189, 126 S. Ct. at 854; *Culver*, 450 F. Supp. 2d at 1140-41.

///

---

6. Notably, the California Supreme Court petition is practically identical to the state appellate court petition. (Lodg. 5; Lodg. 7.)

7. Petitioner filed a Petition for Writ of Habeas Corpus in this Court challenging the Board's 2005 decision on November 13, 2006, instead of filing a petition in the California Supreme Court. (Lodg. 8 - Report and Recommendation Regarding Respondent's Motion to Dismiss Petition, Case No. 06-CV-2493-JIM (CAB) at 1.) On November 27, 2006, the Court issued a notice to Petitioner regarding possible failure to exhaust and the statute of limitations applicable to federal habeas proceedings. (Lodg. 9 - Notice Regarding Possible Failure to Exhaust and One-Year Statute of Limitations.) Specifically, the Court explained to Petitioner that every issue raised in the federal petition must be presented to the California Supreme Court. (*Id.* at 1.) The Court also explained that the filing of the federal petition does not toll the statute of limitations period, and if "[P]etitioner waits until this Court determines whether all claims contained in the petition have been exhausted, it may be too late . . ." (*Id.* at 2-3.)

On March 13, 2007, Respondent filed a Motion to Dismiss for failure to exhaust administrative remedies. (Lodg. 10 - Respondent's Notice of Motion to Dismiss Petition for Writ of Habeas Corpus; Lodg. 11 - Memorandum of Points and Authorities in Support of Motion to Dismiss Petition.) Petitioner filed an Opposition to the Motion to Dismiss alleging that the he need not have filed a petition in the California Supreme Court to exhaust his administrative remedies, and requested the Court stay the proceedings to allow him to exhaust in state court. (Lodg. 12 - Opposition to Motion to Dismiss Petition.) On July 23, 2007, the Court issued a Report and Recommendation for dismissal without prejudice for failure to exhaust, and denied Petitioner's stay request. (Lodg. 8.) The Court noted that Petitioner had not supported his contention that after 2004, petitions need not have been filed in the California Supreme Court to exhaust. (*Id.* at 2) Petitioner then filed his California Supreme Court petition on August 1, 2007. (Lodg. 8 at Proof of Service.) On October 4, 2007, the district court adopted the Magistrate's Report and Recommendation, and denied the Petition without prejudice. (Lodg. 13 - Order Adopting Report and Recommendation; Lodg. 14 - Judgment.)

Petitioner is not entitled for any tolling for the time that his federal habeas corpus petition was pending. *See Jiminez v. Rice*, 276 F.3d 478 (9th Cir. 2001) ("application for federal habeas corpus relief does not toll the limitations period" under AEDPA), *citing Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). The Court notified him in November 2006 of the possible failure to exhaust, and the one-year statute of limitations period, but he chose to wait until August 2007 to file his California Supreme Court Petition. (Lodg. 7; Lodg. 9.)

1 | Petitioner is entitled to statutory tolling for the period between the filing of his California Supreme Court petition on August 1, 2007, and the court's denial on January 16, 2008. *See* Cal.Ct. R. 8.264(b)(2)(A) (finality). (Lodg. 7; Lodg. 15 - California Supreme Court Order.) Thus, Petitioner is entitled to another 169 days of tolling here.

Petitioner is not entitled to statutory tolling, however, from the date of the California Supreme Court's denial on January 16, 2008, and the filing of his federal Petition for Writ of Habeas Corpus on January 23, 2008, a total of 6 days.

In conclusion, petitioner filed this Petition 677 days after the Board's decision became final. Accounting for 296 days of statutory tolling and 365 days under AEDPA, the Petition was filed 16 days after the statute of limitations period expired. Thus, the Petition should be dismissed as untimely.

## CONCLUSION

The Petition is barred by the AEDPA statute of limitations. Accordingly, the Petition should be dismissed with prejudice.

Dated: April 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General

/s/ Linnea D. Piazza

LINNEA D. PIAZZA
Deputy Attorney General

Attorneys for Respondent

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Alve v. Scribner**

No.:    **08CV0162 W (LSP)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266.

On <u>April 10, 2008,</u> I served the attached **RESPONDENT'S NOTICE OF MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

ALEJANDRO ALVE
CDC # B-77176
CALIPATRIA STATE PRISON
POST OFFICE BOX 5003
CALIPATRIA, CA 92233-5003

IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 10, 2008, at San Diego, California.

|  S. Banks  |  _[signature]_  |
| --- | --- |
|  Declarant  |  Signature  |

70120468.wpd