1    EDMUND G. BROWN JR.
     Attorney General of the State of California
2    DANE R. GILLETTE
     Chief Assistant Attorney General
3    JULIE L. GARLAND
     Senior Assistant Attorney General
4    HEATHER BUSHMAN
     Supervising Deputy Attorney General
5    LINNEA D. PIAZZA, State Bar No. 246868
     Deputy Attorney General
6     110 West A Street, Suite 1100
     San Diego, CA 92101
7     P.O. Box 85266
     San Diego, CA 92186-5266
8     Telephone: (619) 645-2221
     Fax: (619) 645-2581
9     Email: Linnea.Piazza@doj.ca.gov

10   Attorneys for Respondent

11

12            IN THE UNITED STATES DISTRICT COURT

13          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15   **ALEJANDRO ALVE,**                08CV0162 W (LSP)

16                 Petitioner,    **RESPONDENT'S NOTICE OF**
                                   **WITHDRAWAL OF THE MOTION**
17        **v.**                       **TO DISMISS; REQUEST FOR**
                                   **STAY PENDING ISSUANCE OF**
18    **L.E. SCRIBNER, WARDEN,**     **THE MANDATE IN** *HAYWARD*.

19                 Respondent.    Judge:       The Honorable Leo
                                               S. Papas

20

21      TO PETITIONER ALEJANDRO ALVE (B-77176), IN PRO PER:

22      PLEASE TAKE NOTICE THAT Respondent L.E. Scribner, Warden of Calipatria State

23   Prison, hereby respectfully withdraws the Motion to Dismiss the Petition for Writ of Habeas

24   Corpus filed on April 10, 2008 alleging that the Petition was untimely within the meaning of 28

25   U.S.C. § 2244. Respondent requested the documents listed in Petitioner's Motion for Order to

26   Direct Attorney General to Provide the Court and Petitioner the State Court Record, after

27   receiving the Court's June 11, 2008 Order partially granting Petitioner's motion. After a review

28   of those documents, it appears that the Petition may indeed be timely. The bases for

1  Respondent's Withdrawal of the Motion to Dismiss are set forth in a declaration by Linnea D.

2  Piazza, filed herewith.

3      The substance of the Petition challenges the Board of Parole Hearings (Board) November

4  16, 2005 decision finding Petitioner unsuitable for early release to parole.  As a threshold

5  jurisdictional issue to be raised in Respondent's Answer, Respondent would assert that Petitioner

6  has no federally protected liberty interest in parole, and thus, no basis for obtaining federal

7  habeas relief under 28 U.S.C. § 2254(a) (a federal Court may consider a state prisoner's petition

8  "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

9  United States").  On May 16, 2008, while Respondent's Motion to Dismiss was pending, the

10 Ninth Circuit granted en banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008),

11 *reh'g en banc granted*, __ F.3d __, No. 06-55392 (9th Cir. filed May 16, 2008).[1/]  The en banc

12 court in *Hayward* may decide whether this Court has jurisdiction over this case, and the

13 appropriate standard to be applied if there is jurisdiction.  Therefore, Respondent is requesting

14 this Court to stay all further proceedings in this matter, including the filing of Respondent's

15 Answer, until the mandate in *Hayward* is issued.  The bases for this stay request are set forth

16 below.

17                                      **ARGUMENT**

18 **THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS  MATTER
   PENDING ISSUANCE OF THE MANDATE IN *HAYWARD* BECAUSE BOTH THE**
19 **BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER
   AND ECONOMY FAVOR GRANTING A STAY.**
20

21      A trial court has discretion to ensure the just and efficient determination of a case by staying

22 it pending the resolution of other proceedings where a stay would be "efficient for [the court's]

23 docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857,

24 863 (9th Cir. 1979).  In determining whether to grant a stay, a court should consider the possible

25 damage that may result, the hardship or inequity that a party may suffer, and the orderly course of

26 justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could

27 _____

28      1.  Before the grant of the en banc rehearing, *Hayward* was published at 512 F.3d 536 (9th
   Cir. 2008).  Argument was heard on June 24, 2008.

1   result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109, 1111 (9th Cir.

2   2005). A court should also take into account the existence of similar cases that are pending in

3   the same district court, and the probability that more are likely to be filed. *Id.* Staying cases that

4   are on the forefront of an issue provides a necessary delay, allowing for resolution of the issues

5   and resulting in uniform treatment of like suits. *Id.*

6          As the resolution of *Hayward* could significantly impact this case and numerous similar

7   cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

8   Court should therefore exercise its discretion and stay this matter pending the issuance of the

9   mandate in *Hayward*.

10  **A.   Moving Forward with this Case Before the Finality of *Hayward* Does
         Not Serve the Interest of Judicial Economy.**

11

12         Granting a stay in this case serves the interests of judicial order and economy. On May 16,

13  2008, the Ninth Circuit granted rehearing en banc in *Hayward*. (Exh. 1 - Order in *Hayward v.*

14  *Marshall*, no. 06-55392.) At issue before the en banc panel in *Hayward* are two threshold issues

15  which are necessary to the resolution of this case:  1) whether California has created a federally

16  protected liberty interest in parole for life inmates, and 2) if a liberty interest is created, what

17  process is due under clearly established Supreme Court authority.  Resolution of these issues

18  could establish that Petitioner does not have a federally protected liberty interest in parole,

19  potentially allowing the Court to dismiss his due process claims for lack of jurisdiction without

20  requiring briefing from the parties.  Even if *Hayward* holds that federal courts have jurisdiction,

21  *Hayward* may clarify the standard of judicial review, thus affecting the analysis applied to the

22  merits of Petitioner's case.  Accordingly, it would be wasteful to proceed in this case without the

23  Ninth Circuit's holdings in these matters, as the parties would need to brief issues that will be

24  decided en banc and then submit supplemental briefing to apply the law as clarified in the en

25  banc decision.  The two rounds of pleadings may unnecessarily complicate the matters raised and

26  would impair the orderly course of justice.  Waiting for the resolution of *Hayward* would thus

27  conserve Court resources, and prevent the Court from having to revisit this matter if *Hayward* is

28  modified or reversed.

1    A stay would also serve judicial order and economy by maintaining uniform treatment of

2    like suits, as once the law is settled it can be uniformly applied.  In many habeas petitions

3    challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

4    the cases until the resolution of *Hayward*.  *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

5    *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

6    *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

7    17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.  Courts have granted

8    Respondent's request to stay proceedings until the resolution of *Hayward* in other cases.  *See*

9    *e.g., Alvarez v. Davison*, no. 06-56678 (9th Cir.); *Owen v. Vaughn*, 07-56747 (9th Cir.); *Davis v.*

10    *Marshall*, no. EDCV 08-1513-DDP (JCR) (C.D. Cal.); *Breatlove v. Curry*, no. CV 08-1620 GPS

11    (AJW) (C.D. Cal.); *Pacheco v. Davison*, no. CV 08-03019-SJO (JTL) (C.D. Cal.).  Granting a

12    stay would therefore conserve judicial resources and serve the Court's interest in orderly

13    managing these proceedings.

14    **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

15    A stay of this case at the district level would not unfairly impose any additional or otherwise

16    avoidable hardship on Petitioner.  As discussed above, if the parties proceed in this case

17    additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying final

18    resolution.  Also, even if this court decides this case before *Hayward*, it is likely the losing party

19    will file an appeal, and that appeal may be delayed pending resolution of *Hayward*.  (*See* Arg. A.)

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

# CONCLUSION

Respondent respectfully withdraws the Motion to Dismiss filed on April 10, 2008, and requests a stay of these proceedings.  When the equities are balanced, the parties' interests and the interests of judicial economy support staying this case pending the final resolution of *Hayward*.  Staying this case until challenges to *Hayward* are resolved and that decision becomes final promotes the orderly resolution of this matter, and will assist in maintaining uniformity of like suits pending before this Court and similar cases that will be filed in the future.  Respondent therefore requests that the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

Dated:  June 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General

/s/ Linnea D. Piazza

LINNEA D. PIAZZA
Deputy Attorney General
Attorneys for Respondent

LDP/scb
70128230.wpd
SD2008700177

Respondent's Withdrawal of Motion to Dismiss; Request for Stay

Case No. 08CV0162 W (LSP)

5

**EXHIBIT 1**

FILED

MAY 16 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD HAYWARD,<br><br>       Petitioner - Appellant,<br><br>v.<br><br>JOHN MARSHALL, California Men's<br>Colony East,<br><br>       Respondent - Appellee. | No. 06-55392<br><br>D.C. No. CV-05-07239-GAF(CT)<br><br><br>ORDER |

**KOZINSKI**, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit Rule 35-3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

Westlaw.

--- F.3d ----
--- F.3d ----, 2008 WL 2131400 (C.A.9)
**(Cite as: --- F.3d ----, 2008 WL 2131400 (C.A.9))**

**H**
Hayward v. Marshall
C.A.9,2008.
Only the Westlaw citation is currently available.
United States Court of Appeals,Ninth Circuit.
Ronald HAYWARD, Petitioner-Appellant,
v.
John MARSHALL, California Men's Colony East.
Respondent-Appellee.
**No. 06-55392.**

May 16, 2008.

Joseph V. Camarata, Law Office of Joseph V. Ca-marata, Vallejo, CA, Michael Satris, Bolinas, CA. for Petitioner-Appellant.
Julie L. Garland, AGCA-Office of the California. Attorney General, San Diego, CA, for Respondent-Appellee.

## ORDER

KOZINSKI, Chief Judge:
*1 Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit Rule 35-3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

C.A.9,2008.
Hayward v. Marshall
--- F.3d ----, 2008 WL 2131400 (C.A.9)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Alve v. Scribner**

No.:          **08CV0162 W (LSP)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 26, 2008, I served the attached **RESPONDENT'S NOTICE OF WITHDRAWAL OF THE MOTION TO DISMISS; REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN** *HAYWARD* by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

ALEJANDRO ALVE
CDC # B-77176
CALIPATRIA STATE PRISON
POST OFFICE BOX 5003
CALIPATRIA, CA 92233-5003

IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 26, 2008, at San Diego, California.

| | |
|---|---|
| S. Banks | |
| Declarant | Signature |

70128690.wpd