EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
HEATHER BUSHMAN
Supervising Deputy Attorney General
LINNEA D. PIAZZA, State Bar No. 246868
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2221
Fax: (619) 645-2581
Email: Linnea.Piazza@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEJANDRO ALVE,**<br>Petitioner,<br>v.<br>**L.E. SCRIBNER, WARDEN,**<br>Respondent. | 08CV0162 W (LSP)<br>**DECLARATION OF LINNEA D. PIAZZA IN SUPPORT OF RESPONDENT'S WITHDRAWAL OF THE MOTION TO DISMISS; REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*.**<br>Judge: The Honorable Leo S. Papas |

I, Linnea D. Piazza, hereby declare and state:

1. I am an attorney at law, duly admitted and licensed to practice law in this Court. I am employed as a deputy attorney general for the State of California. In that capacity, I am the attorney representing Respondent in this matter. The following facts are based on my own personal knowledge, except for those facts based on information and belief, which I believe to be true. If called upon as a witness to testify, I could and would, competently testify about the following facts.

2. The Court issued an Order Requiring a Motion to Dismiss the Petition for Writ of Habeas Corpus no later than April 10, 2008, and an Answer to the Petition for Writ of Habeas Corpus no later than April 25, 2008.

3. Upon receiving the Court's Order, a paralegal in our office informed me that Petitioner had filed a federal petition on November 13, 2006, case number 06-cv-2493-JM (CAB), challenging the Board's 2005 hearing, which had been dismissed for failure to exhaust. Most of the documents relevant to this matter had already been ordered in that case, and thus, the only new document ordered was the California Supreme Court petition and order filed after Petitioner filed his federal petition in case number 06-cv-2493-JM (CAB) challenging the Board's decision at issue. I found that Petitioner had constructively filed a state superior court petition in San Diego County challenging the Board's 2005 hearing on June 19, 2006, and petitions raising the same claims in the California Court of Appeal and California Supreme Court. (Lodgs. 3, 5, 7.) After reviewing these documents, I determined that Petitioner failed to file this Petition within the one-year statute of limitations within the meaning of 28 U.S.C. § 2244, and filed a Motion to Dismiss on April 10, 2008.

4. After granting Petitioner an extension of time to file his Opposition to the Motion to Dismiss, the Court partially granted Petitioner's Motion for Order to Direct Attorney General to Provide to the Court and Petitioner the State Court Record. In the Order, the Court explained that Petitioner contended that the June 19, 2006 superior court petition was his third state superior court petition, and that he previously filed petitions in the Imperial County Superior Court and the San Diego County Superior Court challenging the Board's 2005 parole suitability decision. The Court stated that absent presentation to the contrary, the Court would assume that Petitioner filed a petition for writ of habeas corpus in the Imperial County Superior Court.

5. Upon receipt of the Court's Order partially granting Petitioner's Motion, I looked back through the file for case number 06-cv-2493-JM (CAB) to make sure that the Imperial County Superior Court petition and San Diego County Superior Court petition discussed in Petitioner's Motion were not in the file. I did not find either petition in the file. I asked a paralegal to double

///

check the file, and she told me that she reviewed the documents in the file, and these two petitions were not in the file.

6. Thereafter, I asked my secretary to call the Imperial County Superior Court and San Diego County Superior Court to find out if these petitions existed, and if so, to order the petitions and accompanying court orders. My secretary called both courts and told me that Petitioner filed petitions for writ of habeas corpus in the Imperial County Superior Court, filed on January 23, 2006 (case number ECH-00713), and in the San Diego County Superior Court, filed on April 5, 2006 (case number HC17081). (Lodg. 16 - Imperial County Superior Court Petition, Case No. ECH-00713; Lodg. 17 - San Diego Superior Court Petition, Case No. HC17081, 4th Petition.)[1] I received the Imperial County Superior Court petition and accompanying order on June 16, 2008. I received the San Diego County Superior Court petition and accompanying order soon after.

7. Petitioner's Imperial County Superior Court petition, case number ECH-00713, challenging the Board's 2005 parole suitability decision, was denied for failure to complete the petition form and for possible failure to file the petition in the proper venue (the sentencing court). (Lodg. 18 - Imperial County Superior Court Order, Case No. ECH-00713.) Because petitioner did not comply with state filing rules, the Imperial County petition was not properly filed to toll the statute of limitations. *Artuz v. Bennett*, 531 U.S. 4, 8- 9 (2000) (a properly filed petition complies with state filing rules regarding form of document and venue); *Hood v. Galaza*, 47 F. Supp. 2d 1144, 1147 (S.D. Cal.,1999) (erroneous filing in wrong court did not toll statute of limitations). (*See* Lodg. 18 (citing *In re Roberts*, 36 Cal. 4th 575 (2005) for the proposition that a petition for writ of habeas corpus must be filed in the sentencing court).) Therefore, I determined that the Imperial County petition did not affect the analysis set forth in the Motion to Dismiss.

8. Petitioner filed a petition challenging the Board's 2005 parole suitability decision in the San Diego County Superior Court on April 5, 2006, along with a request that the superior

---

1. Respondent has filed a Supplemental Notice of Lodgments in Support of Withdrawal of the Motion to Dismiss. So as not to create confusion, the documents are numbered consecutively following the last numbered lodgment in Respondent's Motion to Dismiss.

court order the institution to provide him with library access to make copies of the 2005 hearing transcript in order to file it with the superior court. (Lodg. 17.) The San Diego County Superior Court denied the petition without prejudice on May 25, 2006 because Petitioner did not set forth a prima facie case for relief by failing to attach the 2005 hearing transcript, citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), and denied Petitioner's request for an order to compel the institution to allow him access to the library to make copies of the transcript because Petitioner had not exhausted that claim, citing *In re Dexter*, 25 Cal. 3d 921, 925 (1979). (Lodg. 19 - San Diego County Superior Court Order, Case No. HC17081, 4th Petition.) Petitioner then filed a subsequent petition challenging the Board's 2005 parole suitability decision in the San Diego County Superior Court on June 19, 2006, with the 2005 hearing transcript. (Lodg. 3.)

9. It appears from my research that Petitioner's April 5, 2006 San Diego County Superior Court petition was properly filed, even though Petitioner did not attach a copy of the 2005 hearing transcript. *Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005), *withdrawn*, 417 F.3d 1050, *amended* 447 F.3d 1165 (9th Cir. 2006) (properly filed petition even though denied for lack of adequate record). If so, Petitioner would be entitled to tolling from the time he filed the petition to the time the petition was denied on May 25, 2006. 28 U.S.C. § 2244(d)(2). It appears that Petitioner may not be entitled for tolling between the denial of the April 5, 2006 San Diego Superior Court petition, and the filing of the June 19, 2006 San Diego Superior Court petition, as those petitions were filed at the same level of review. *See Carey v. Saffold*, 536 U.S. 214, 217-20 (2002) (tolling limited to periods "between a lower court decision and the filing of a new petition in a higher court"); *accord Nino v. Galaza,* 183 F.3d 1003, 1005 (9th Cir.1999); *but see King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (gap tolling between petitions where second petition attempts to cure defects). However, it appears that Petitioner would be entitled for tolling as originally calculated in the Motion to Dismiss for the period from June 19, 2006 to August 16, 2006, as this petition cured the defects from the April 5, 2006 petition, and was not deemed successive. *King*, 340 F.3d at 823 (tolling for petition that cured defects in original). (Lodgs. 3, 4.) Accordingly, after analyzing this new information, I have concluded that it appears that Petitioner is entitled to more tolling than accounted for in the Motion to Dismiss, making this

Petition timely. Therefore, I have moved, on Respondent's behalf, to withdraw the Motion to Dismiss.

10. While the Motion to Dismiss was pending, the Ninth Circuit granted en banc rehearing in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __ F.3d __, No. 06-55392 (9th Cir. filed May 16, 2008). The en banc court in *Hayward* may decide whether California has created a federally protected liberty interest in parole for life inmates, and if a liberty interest is created, what process is due under clearly established Supreme Court authority. Thus, the outcome in that case may determine the outcome in this case. Accordingly, Respondent seeks to stay of these proceedings to allow the Ninth Circuit to issue the mandate in *Hayward*.

11. I do not believe that Petitioner will be prejudiced by a stay of these proceedings. This request for stay is based on good cause as described above and is not made for the purpose of harassment, or to create undue delay or for any other improper reason whatsoever.

12. Petitioner, who is incarcerated, will be served with a copy of this declaration at the address he provided to the Clerk of this Court.

I declare under the penalty of perjury and the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of June, 2008, at San Diego, California.

Linnea D. Piazza

LINNEA D. PIAZZA

70128231.wpd
SD2008700177

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Alve v. Scribner**

No.: **08CV0162 W (LSP)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 26, 2008, I served the attached **DECLARATION OF LINNEA D. PIAZZA IN SUPPORT OF RESPONDENT'S WITHDRAWAL OF THE MOTION TO DISMISS; REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***. by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

ALEJANDRO ALVE
CDC # B-77176
CALIPATRIA STATE PRISON
POST OFFICE BOX 5003
CALIPATRIA, CA 92233-5003

IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 26, 2008, at San Diego, California.

S. Banks
Declarant

[signature]
Signature

70128691.wpd