UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE, | ) Civil No. 08-0162-W(LSP) |
| | ) |
| Petitioner, | ) REPORT AND RECOMMENDATION |
| v. | ) DISMISSING PETITION AND |
| | ) DENYING RESPONDENT'S REQUEST |
| L.E. SCRIBNER | ) FOR STAY |
| | ) |
| Respondent. | ) |

Alejandro Alve ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent has filed a Motion to Dismiss the Petition. Petitioner has filed an Opposition to the Motion to Dismiss. On June 26, 2008, Respondent filed a Notice of Withdrawal of Motion to Dismiss and Request for Stay Pending Issuance of the Mandate in *Hayward*.

The Court, having reviewed Petitioner's Petition, Respondent's Withdrawn Motion to Dismiss[1], Petitioner's Opposition to the Motion to Dismiss, and the documents lodged with the Court and/or attached to the pleadings, finds that Petitioner's Petition is barred by the statute of limitations. Therefore, the Court

---

[1] The Court reviewed Respondent's Withdrawn Motion to Dismiss. However, that document did not play a part in the Court's analyses or conclusions reached herein.

1                                                              08CV0162

RECOMMENDS that the Petition be DISMISSED and Respondent's Request for Stay be DENIED.

I

PROCEDURAL HISTORY

Petitioner is serving an indeterminate term of life imprisonment for two counts of first degree murder with a deadly weapon. (Respondent's Lodgment No. 1)

On November 16, 2005, Petitioner was denied parole by the California Board of Parole Hearings ("BPH") (Respondent's Lodgment No. 2)

On January 19, 2006, Petitioner constructively[2] filed a Petition for Writ of Habeas Corpus with the Imperial County Superior Court. (Opposition to Respondent's Motion to Dismiss, Exh. A, Respondent's Supplemental Lodgment No. 16) On March 9, 2006, the Imperial County Superior Court denied the Petition without prejudice and directed Petitioner to file his Petition in the court that sentenced him. (Opposition to Respondent's Motion to Dismiss, Exh. B, Respondent's Supplemental Lodgment No. 18).

On March 29, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with the San Diego Superior Court. (Respondent's Supplemental Lodgment No. 17)  On May 25, 2006, the Petition was denied because Petitioner did not present a *prima facie* case for relief and did not attach the appropriate court record in support of his Petition. (Respondent's Supplemental Lodgment No. 19)

On June 19, 2006, Petitioner filed a Petition For Writ Of Habeas Corpus with the San Diego Superior Court. The appropriate

---

[2]The Court gives Petitioner the benfit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack 487 U.S. 266 (1988)

state court record was attached to the Petition. (Respondent's Lodgment No. 3) On August 16, 2006, the Superior Court denied the Petition. (Respondent's Lodgment No. 4).

On August 27, 2006, Petitioner filed a Petition For Writ Of Habeas Corpus with the California Court of Appeal, Fourth Appellate District. (Respondent's Lodgment No. 5). On October 23, 2006, the Court of Appeal denied the Petition. (Respondent's Lodgment No. 6).

On November 7, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with this Court. [Case No. 06-2493-JM(CAB)] On July 23, 2007, the Magistrate Judge assigned to the case filed a Report and Recommendation granting Respondent's Motion to Dismiss because the Petition was unexhausted. On October 4, 2007, the District Judge assigned to the case adopted the Magistrate Judge's Report and Recommendation.

On August 1, 2007, Petitioner filed a Petition For Writ Of Habeas Corpus with the California Supreme Court. (Respondent's Lodgment No. 7). On January 16, 2008, the California Supreme Court denied the Petition. (Respondent's Lodgment No. 15)

On January 25, 2008, Petitioner filed the current Petition For Writ Of Habeas Corpus with this Court.

II

PETITIONER'S PETITION IS BARRED

BY THE STATUTE OF LIMITATIONS

**1.   The AEDPA's One-Year Statute of Limitations.**

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after

1  the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521
2  U.S. 320, 117 S. Ct. 2059, 2068 (1997). Therefore, because the
3  Petition was filed on January 25, 2008, the AEDPA applies to this
4  case.

5    Prior to the enactment of the AEDPA on April 24, 1996, "state
6  prisoners had almost unfettered discretion in deciding when to file
7  a federal habeas petition." Calderon v. United States Dist. Court
8  (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118
9  U.S. 897 (1998), overruled on other grounds by Calderon v. United
10 States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).
11 "[D]elays of more than a decade did not necessarily bar a prisoner
12 from seeking relief." Id.

13   With enactment of the AEDPA, a state prisoner's time frame
14 for seeking federal habeas relief was dramatically limited. The
15 AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d),
16 which provides for a one-year limitation period for state prisoners
17 to file habeas corpus petitions in federal court. Section 2244(d)
18 states, in pertinent part:

19   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
20     custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
21

22     (A) the date on which the judgment became final by the conclusion of direct review
23     or the expiration of the time for seeking such review;
24
25     (B) the date on which the impediment to filing an application created by State
    action in violation of the Constitution or
26     laws of the United States is removed, if the applicant was prevented from filing by
27     such State action;

28     (C) the date on which the constitutional right asserted was initially recognized by

>         the Supreme Court, if the right has been
>         newly recognized by the Supreme Court and
>         made retroactively applicable to cases on
>         collateral review; or
>
>    (D)  the date on which the factual predi-
>         cate of the claim or claims presented could
>         have been discovered through the exercise
>         of due diligence.
>
> (2)  The time during which a properly filed applica-
>     tion for State post-conviction or other collateral
>     review with respect to the pertinent judgment or claim
>     is pending shall not be counted toward any period of
>     limitation under this subsection.

28 U.S.C.A. § 2244(d)

The Ninth Circuit has held that 28 U.S.C. §2244(d)(1)(D) applies to petitions for writ of habeas corpus challenging the decisions of administrative bodies such as parole boards. Shelby v. Bartlett 391 F.3d 1061, 1063 (9th Cir. 2004), Redd v. McGrath 343 F.3d 1077, 1082, n.8 (9th Cir. 2003), citing *inter alia*, Kimbrell v. Cockrell 311 F.3d 361, 363-364 (5th Cir. 2002)

Section §2244 (d)(1)(D) states that the statute of limitations begins to run on the date in which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. Here, Petitioner knew the factual predicate of his claims on November 16, 2005, the date of the BPH's decision denying him parole. Therefore, absent tolling, Petitioner had until November 16, 2006, to file his Petition For Writ of Habeas Corpus with this Court. However, Petitioner filed several petitions for post-conviction relief with the California Superior, Appellate, and Supreme Court. Petitioner also filed a prior Petition for Writ of Habeas Corpus with this Court. The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. Under the holding of Nino v. Galaza 183 F.3d

1003, 1006 (9th Cir. 1999), the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge," provided the petitions were properly filed and pending during that entire time.  The statute of limitations is <u>not tolled</u> from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval.  <u>Nino</u> 183 F.3d at 1006

The meaning of the terms "properly filed" and "pending" in <u>Nino</u> have been clarified by the United States Supreme Court.  In <u>Carey v. Saffold</u> 536 U.S. 214 (2002), the Court held that the time between the denial of a petition in a lower California court and the filing of a subsequent petition in the next higher court does not toll the statute of limitations, if the petition is ultimately found to be untimely.  <u>Id.</u> at 223-26.  In <u>Pace v. DiGuglielmo</u> 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration, if it is dismissed as untimely. <u>Id.</u> at 413.  In <u>Evans v. Chavis</u> 546 U.S. 189 (2006), the Court held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." <u>Id.</u> at 197   The <u>Evans</u> Court gave some guidance in making that determination: federal courts must assume (until the California courts state otherwise) that California law regarding timeliness does not differ significantly from other states which use 30 or 60 day rules for untimeliness and, a 6-month unexplained delay is presumptively unreasonable.

1       Further, a petition is not entitled to tolling of the statute
2  of limitations for the time that a previous federal habeas petition
3  was pending in federal court. Jiminez v. Rice 276 F.3d 478 (9th Cir.
4  2001), citing Duncan v. Walker 533 U.S. 167 (2001)
5       In this case, Petitioner's first petition for relief from the
6  BPH's decision was filed with the Imperial County Superior Court on
7  January 19, 2006.  On March 9, 2006, the Imperial County Superior
8  Court denied the Petition without prejudice.
9       On March 29, 2006, Petitioner filed a Petition for Writ of
10 Habeas Corpus with the San Diego Superior Court.  On May 25, 2006
11 the Petition was denied.  On June 19, 2006 filed another Petition
12 for Writ of Habeas Corpus with the San Diego Superior Court.  On
13 August 16, 2006, the Petition was denied.  Next, on August 27, 2006,
14 Petitioner filed a Petition for Writ of Habeas Corpus with the
15 California Court of Appeal.  On October 23, 2006, the Court of
16 Appeal denied the Petition.
17      After the Court of Appeal denied Petitioner's Petition on
18 October 23, 2006, on November 7, 2006, Petitioner filed a Petition
19 for Writ of Habeas Corpus with this Court. On October 4, 2007, the
20 Petition was dismissed because Petitioner failed to exhaust the
21 claims in the Petition.
22      While Petitioner's federal habeas Petition was pending, on
23 August 1, 2007, Petitioner filed a Petition for Writ of Habeas
24 Corpus with the California Supreme Court.  On January 16, 2008, the
25 California Supreme Court denied the Petition.
26      On January 25, 2008, Petitioner filed the current Petition
27 for Writ of Habeas Corpus with this Court.
28      From November 16, 2005 (the date of the BPH's decision) to

1 | January 19, 2006 (the date Petitioner filed a Petition for Writ of
2 | Habeas Corpus in the Imperial County Superior Court) **64** days (2
3 | months, 3 days) elapsed.  Thereafter, from January 19, 2006 to
4 | October 23, 2006 (the date the Court of Appeal denied Petitioner's
5 | Petition), the statute of limitations was tolled, as Petitioner was
6 | properly pursuing his state court remedies.[3]

7 | However, Petitioner did not file his Petition for Writ of
8 | Habeas Corpus in the California Supreme Court until August 1, 2007.
9 | From October 23, 2006 to August 1, 2007, **282** days (9 months 9 days)
10 | elapsed.  On January 16, 2008, the California Supreme Court denied
11 | the Petition.

12 | On January 25, 2008, Petitioner filed a Petition for Writ of
13 | Habeas Corpus with this Court.  From January 16, 2008 to January 25,
14 | 2008, **9** days elapsed.

15 | As noted above, Evans v. Chavis, supra, instructs that to
16 | determine whether a petition is entitled to statutory tolling, the
17 | federal court must itself examine the delay between the denial of a
18 | Petition for Writ of Habeas Corpus in a lower state court and the
19 | filing of a Petition for Writ of Habeas Corpus in the next highest
20 | state court.  The Evans court noted that a 6 month unexplained delay
21 | is presumptively unreasonable.

22 | In this case, **282** days (9 months 9 days) elapsed between the
23 | date of the Court of Appeal's decision and Petitioner's filing a
24 | Petition for Writ of Habeas Corpus in the California Supreme Court.

---

[3] On June 11, 2008, the Court decided for purposes of this analysis and absent presentation of contrary evidence, that on January 23, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with the Imperial County Superior Court. The Petition was constructively filed on January 19, 2006. For this analysis, the Court gives Petitioner the benefit of the doubt and assumes that the constructively filed January 19, 2006 Petition was "properly filed" despite Respondent's arguments to the contrary. (See Declaration of Linnea Piazza in Support of Respondent's Withdrawal of Motion to Dismiss and Request for Stay at 4)

Since the <u>Evans</u> court noted that an unexplained 6 month delay under these circumstances in presumptively unreasonable, the Court finds that statutory tolling is not available for this time period, and that the 282 day delay is presumptively unreasonable. Therefore, the statute of limitations was not tolled during this time period.

Further, from November 7, 2006 (the date Petitioner constructively filed a Petition for Writ of Habeas Corpus with this Court) to August 1, 2007 (the date Petitioner constructively filed a Petition for Writ of Habeas Corpus with the California Supreme Court) (**267** days)(8 months 27 days), the statute of limitations was not tolled because Petitioner is not entitled to tolling of the statute of limitations while his federal habeas corpus action was pending in this Court. <u>Jiminez</u> 276 F.3d 478, <u>Duncan</u> 533 U.S. 167.[4]

Since the statute of limitations was <u>not</u> <u>tolled</u> for a total of **622** days (64 + 282 + 9 + 267), Petitioner failed to file his Petition For Writ of Habeas Corpus with this court within the one-year statute of limitations mandated in 28 U.S.C. §2244(d)(1)(A).

**2.   Equitable Tolling of the Statute of Limitations**

The one-year statute of limitations is subject to equitable tolling. <u>Calderon</u> 128 F.3d at 1288  Equitable tolling of the statute of limitations is appropriate where a habeas petitioner shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. <u>Pace v. DiGuglielmo</u> 544

---

[4]The Court notes that on November 7, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with this Court. That Petition was ultimately denied on October 4, 2007. While the November 7, 2006 federal Petition was pending, on August 1, 2007, Petitioner constructively filed a Petition for Writ of Habeas Corpus with the California Supreme Court. While <u>Jimenez</u> and <u>Duncan</u> direct that tolling of the statute of limitations is not available when the federal petition is pending, the Court finds that the statute of limitations was not tolled from November 7, 2006 (the date Petitioner filed a Petition for Writ of Habeas Corpus with this Court) to August 1, 2007 (the date Petitioner filed a Petition for Writ of Habeas Corpus with the California Supreme Court.

1  U.S. 408, 418 (2005).  When courts assess a habeas petitioner's
2  argument in favor of equitable tolling, they must conduct a "highly
3  fact-dependent" inquiry. <u>Whalem/Hunt v. Early</u> 233 F.3d 1146, 1148
4  (9th Cir. 2000), <u>Lott v. Mueller</u> 304 F.3d 918, 923 (9th Cir. 2002) The
5  extraordinary circumstances must be the "but-for and proximate
6  cause" of the untimely filing. <u>Allen v. Lewis</u> 255 F.3d 798, 800 (9th
7  Cir. 2001)
8      Here, Petitioner has not presented any facts to show that he
9  is entitled to equitable tolling of the statute of limitations.
10 Therefore, equitable tolling does not apply.

### III
### RESPONDENT'S REQUEST FOR STAY IS DENIED

Since the Court has found that Petitioner failed to file his Petition for Writ of Habeas Corpus with the Court within the one-year statute of limitations, the Court RECOMMENDS that Respondent's Request for Stay be DENIED.

### IV
### CONCLUSION

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the AEDPA's statute of limitations.  Therefore, the Court RECOMMENDS that Petitioner's Petition for Writ of Habeas Corpus be DISMISSED. The Court also RECOMMENDS that Respondent's Request for Stay be DENIED.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than <u>August 1, 2008</u>,  any party

1 | to this action may file written objections with the Court and serve
2 | a copy on all parties. The document should be captioned "Objections
3 | to Report and Recommendation."
4 |     **IT IS FURTHER ORDERED** that any reply to the objections shall
5 | be filed with the Court and served on all parties no later than
6 | <u>August 29, 2008</u>. The parties are advised that failure to file
7 | objections within the specified time may waive the right to raise
8 | those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>,
9 | 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2008

_____
Hon. Leo S. Papas
U.S. Magistrate Judge