ALEJANDRO ALVE
B-77176    B2-239L
P.O. BOX. 5002
CALIPATRIA, CA., 92233-5002

ORIGINAL

FILED
JUL 1 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>    Petitioner,<br><br>V<br><br>L.E. SCRIBNER, WARDEN,<br><br>    Respondent. | CV No. <u>08-0162 W (LSP)</u><br><br>OBJECTIONS TO REPORT AND RECOMMENDATION |

Petitioner hereby submits OBJECTIONS TO REPORT AND RECOMMENDATION and declares as follows:

I

On June 26, 2008, four days before the Honorable Magistrate Judge, Leo S. Papas, filed the Report and Recommendation before the court, the Court had received from Respondent a NOTICE OF WITHDRAWAL OF THE MOTION TO DISMISS that Respondent had filed on April 10, 2008.

In the NOTICE OF WITHDRAWAL OF THE MOTION TO DISMISS, Respondent submitted to the Court the bases for Respondent's withdrawal of the Motion to Dismiss in a declaration by Linnead D. Piazza, Deputy Attorney General, representing the Respondent. (See, Declaration of Linnead D. Piazza, dated 6/26/08)

In her declaration, she declared to the Court that if called in to testify she could and would, competently testify about the facts set forth in Respondent's

Notice of Withdrawal of Motion to Dismiss filed before the Court in June 26, 2008. [1]

    Notwithstanding Respondent's Notice of Withdrawal of Motion to Dismiss was received by the Court four days before the Report and Recommendation was submitted and filed, and in spite of the fact that on June 4, 2008, petitioner had filed a Motion for an Order to direct Attorney General to provide petitioner with state record that was material and relevant to enable him to file an OPPOSITION TO RESPONDENT's MOTION TO DISMISS,[2] the Magistrate Judge disregarded Respondent's Notice of Withdrawal of Motion to Dismiss and all new evidence and information therein that concluded that petitioner had filed his petition on time and within the equitable tolling of the statute of limitations. The Report and Recommendation simply stated:

> "The Court reviewed Respondent's Withdrawan Motion to Dismiss. However, that document did not play a part in the Court's analyses or conclusions herein."

(See, Report and Recommendation, at p. 1, fn.1)

    Here, the Magistrate Judge had actual cognizance of the existence of new evidence and facts that supported petitioner's contention that his federal petition was timely. Moreover, because the Court had received this "new evidence" and information four days before the Report and Recommendation was submitted before the Court and filed, the Magistrate Judge had sufficient time from the time the Notice of Withdrawal of the Motion to Dismiss was received by the Court and the time the Report and Recommendation was filed to adequately apprise it and reach a conclusion.

---

[1]    New evidence that supported petitioner's contention that concluded, after analysing the new information, that petitioner had filed his petition timely.

[2]    The Court did not directed the Attoerney General to provide petitioner the requested documentation. The Court merely stated: "Therefore, for purpose of Respondent's Motion to Dismiss, the Court will assume, <u>absent presentation of contrary evidence</u>, that on January 23, 2006, petitioner filed a petition for Writ of Habeas Corpus in the Imperial County Superior Court."

Since the Court, by its own admission, stated that the new evidence that was submitted before the Court, four days before the Report and Recommendation was filed, "did not play part in the Court's analyses or conclusion reached herein" how can it make the statement, at CONCLUSION, that "after a thorough review of the record in this matter, the Court has determined that petitioner has failed to comply with the AEDPA's statute of limitations."

Here, the Report and Recommendatio's "findings" that petitioner failed to comply with the AEDPA's statute of limitations is in contravention to the evidence currently on file in the instant case. Therefore, in the interest of Justice, the Report must be vacated.

## II

As stated in Ante, I, notice was given to the Court of the existence of evidence that supported petitioner's contention that he had, in fact, complied with the AEDPA's statute of limitations; hence making his federal petition timely, but the "new evidence" was not considered in the Court's analyses or conclusions reached in the Report and Recommendation. Therefore, petitioner submits herein the "new evidence" filed by Respondent in his Notice of Withdrawal of Motion to Dismiss as "Objections to Report and Recommendation."

The evidence currently filed in the Court show that petitioner filed petitions for Writ of Habeas Corpus in the Imperial County Superior Court, filed on January 23, 2006 (Case No. ECH-00713), and in the San Diego County Superior Court, filed on April 5, 2006 (Case No. HC17081). [Lodg. 16- Imperial County Superior Court petition, Case No. ECH-00173; Lodg. 17 - San Diego Superior Court petition, Case No. HC17081, 4th Petition).

Petitioner's Imperial County Superior Court petition, Case No. ECH-00173, was denied for failure to complete the petition form and for possible failure to file the petition in the proper venue. Because petitioner did not comply with state filing rules, the petition was not properly filed to toll the statute of limitations Artuz V Bennett, 531 US 4, 8-9 (2000) [a properly filed petition complies with state filing rules regarding form of document and venue]; Hood V Galaza, 47 F Supp. 2d 114, 1147 (S.D. Cal. 1999) [erroneous filing in wrong court did not toll statute of limitations] In re Roberts, 36 Cal. 4th 575 (2005). Thereafter, petitioner

filed a petition in San Diego County Superior Court on April 5, 2006, along with a Motion with a request that the Superior Court order the institution to provide him with Legal Law Library access to make copies of the 2005 BPH's Transcripts in order to file it with the Superior Court. On May 25, 2006, the Court denied the petition without prejudice because petitioner had failed to attached the BPH's Transcripts People V Duvall, 9 Cal. 4th 464, 474 (1995), and denied petitioner's request for an Order to compel the institution to allow him access to the Legal Law Library (the institution had been under lockdown status for several weeks at the time) to make copies of the BPH's Transcript. In re Dexter, 25 Cal. 3d 921, 925 (1979) [Lodg. 19 - San Diego County Superior Court Order, Case No. HC17081, 4th petiton] Consequently, petitioner then filed a subsequent petition in the San Diego County Superior Court on June 19, 2006, with the BPH's Transcripts [Lodg. 3].

Here, petitioner's April 5, 2006 San Diego County Superior Court petition was properly filed, even though petition did not attached a copy of the 2005 BPH's Trasncript. Gaston V Palmer, 417 F 3d 1030, 1030 (9th Cir. 2005), withdrawn, 417 F 3d 1050, amended 447 F 3d 1165 (9th Cir. 2006) [properly filed petition even though denied for lack of adequate record]. Therefore, petitioner would be entitled to tolling from the time he filed the petition to the time the petition was denied on May 25, 2006. 28 U.S.C. §2244(d)(2). Though petitioner may not be entitled for tolling between the denial of the April 5, 2006, San Diego County Superior Court petition, and the filing of the June 19, 2006 San Diego County Superior Court petition, as those petitions were filed on the same level of review, See, Carey V Saffold, 536 US 214, 217-220 (2000) [tolling limited to periods "between a lower court decision and the filing of a new petition in a higher court"] ; accord Nino V Galaza, 183 F 3d 1003, 1005 (9th Cir. 1999); but See King V Roe, 340 F 3d 821, 823 (9th Cir. 2003) [gap tolling between petitions where second petition attempts to cure defects.] Hence, petitioner would be entitled for tolling for the period for the period from June 19, 2006 to August 16, 2006, as this petition cured the defects from the April 5, 2006 petition and was not deemed successive. King, 340 F 3d at 823 [tolling for petition that cured defects in original] [Lodg. 3, 4] Thus, making the petition timely.

In this Case, right from the start, the California Supreme Court demonstrated that petitioner's petition was filed within the time limitations. As the record

shows, petitioner's Writ of Habeas Corpus was submitted before the California Supreme Court together with this Court's (Southern District) Order dismissing the petition without prejudice for failure to exhaust state remedies. Therefore, the California Supreme Court's summary denial confirmed the petition was not filed untimely. Hunter V Aispuro, 982 F 2d 344, 348 (9th Cir. 1992), See also Delhomme V Ramirez 340 F 3d 817, 819, 820, n2 (9th Cir. 2003). Saffold V Carey, 312 F 3d 1031, 1034-1036 (CA 9 2002) (See, Exh. "A", Supreme Court, filed 1/16/08)

Based on the foregoing, petitioner requests the Court to grant his petition and vacate the Report and Recommendation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  7/13/08

Respectfully submitted,

ALEJANDRO ALVE

-5-

E X H I B I T

"A"

S155040

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re ALEJANDRO ALVE on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JAN 1 6 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
Chief Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ALEJANDRO ALVE  ,

                Petitioner,

V.

L.E. SCRIBNER, WARDEN  ,

                Respondent.

Case No.  08-0162 W (LSP)

PROOF OF SERVICE

I the undersigned hereby certify that I am over the age of eighteen years, and am a party to the above-entitled Action.

On   7/13/08  , I served a copy of:

OBJECTIONS TO REPORT AND RECOMMENDATION

By placing said copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNAI
880 FRONT STREET, SUITE 4290
SAN DIEGO, CA., 92101-8900

LINNEAD D. PIAZZA
DEPUTY ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
SAN DIEGO, CA., 92101

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  7/13/08  .