UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>                     Petitioner,<br><br>  vs.<br><br>L.E. SCRIBNER,<br><br>                     Respondent. | CASE NO. 08-CV-0162 W (LSP)<br><br>**ORDER (1) DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT & RECOMMENDATION; (2) GRANTING RESPONDENT'S NOTICE OF WITHDRAWAL OF MOTION AND MOTION TO STAY (Doc. Nos. 14, 16)** |

I.  BACKGROUND

On January 25, 2008 Petitioner Alejandro Alve ("Petitioner") commenced this 28 U.S.C. § 2254 habeas corpus proceeding. (Doc. No. 1.) On April 10, 2008 Respondent L.E. Scribner ("Respondent") moved to dismiss Petitioner's petition, arguing that it was time-barred by 28 U.S.C. § 2254's one-year statute of limitations. (Doc. No. 6.) On June 26, 2008, however, Respondent filed a notice of withdrawal of the motion to dismiss, admitting that Petitioner was entitled to more statutory tolling than previously believed and concluding that Petitioner's petition was, in fact, timely. (*Linnea Piazza Decl.* ¶ 9.) Respondent also requested that the Court stay the proceedings in light of the pending Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, No. 06-55392 (9th Cir. filed May 16, 2008) decision, which may resolve certain jurisdictional and standard of review questions underlying the petition.

- 1 -

08cv0162W

Nevertheless, on June 30, 2008 Magistrate Judge Leo S. Papas filed a Report and Recommendation ("Report") recommending that the Court dismiss Petitioner's petition as untimely. (Doc. No. 16.) The Report acknowledged but disregarded Respondent's motion to withdraw. On July 15, 2008 Petitioner objected to the Report, arguing that Respondent had withdrawn its motion and that he timely filed his petition under California and Ninth Circuit law. Because both Petitioner and Respondent agree that the petition was timely filed, the Court **DECLINES** to adopt the Magistrate Judge's Report and **STAYS** the petition pending the Hayward's outcome.

## II.     LEGAL STANDARD & ANALYSIS

Respondent argues that staying this case is appropriate because judicial order and economy would be advanced. (*Resp.'s Not. of Withdrawal* 2–4.) Moreover, Respondent argues, a stay would not unfairly delay Petitioner in pursuing his claims. (*Id.* 4.) Petitioner's only docketed response takes the form of his objections to the Report, where he simply argues that he timely filed his petition and that the Report should be "vacated." (*Pet.'s Obj.* 5.) However, in his objections Petitioner acknowledges Respondent's notice to withdraw and thus must be aware of Respondent's motion to stay. (*Id.* 1–3.) Petitioner offers no objections or opposition to Respondent's motion to stay.

A district court has discretionary power to stay proceedings in its own court under Landis v. North American Co., 299 U.S. 248, 254 (1936). In determining whether to grant a stay, a court should consider the possible damage that may result, the hardship or inequity that a party may suffer, and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and questions of law that could result from issuing the stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109, 1111 (9th Cir. 2005). A court can take into account the existence of similar cases pending in the same district, and the probability that more are likely to be filed. Id. Staying cases that are on the forefront of an issue provides a necessary delay, allowing for resolution of the

issues and resulting in uniform treatment of like suits.  Id.

Here, the pending Hayward decision deals with two issues central to resolving this petition: (1) whether California has created a federally protected liberty interest in parole for life inmates, and (2) if a liberty interest is created, what process is due under clearly established Supreme Court authority.  Staying this case pending Hayward's resolution could ultimately narrow the issues, clarify the Court's standard of review, and reduce the need for supplemental or inconsistent briefings.  Furthermore, the Ninth Circuit and other courts have stayed many cases pending Hayward's eventual resolution. See, e.g., Tolliver v. Carey, no. 07-15347 (9th Cir.); Boatman v. Brown, no. 05-16199 (9th Cir.); Alvarez v. Davison, no. 06-56678 (9th Cir.); Owen v. Vaughn, 07-56747 (9th Cir.).  Finally, Petitioner will not be unfairly delayed in pursuing his claims because any resulting Hayward decision would in any event require additional briefing or prompt the losing party to file an appeal.  As mentioned above, Petitioner has not submitted any objections to Respondent's request to stay the proceedings.

Accordingly, the Court **DECLINES TO ADOPT** the Magistrate Judge's Report and **STAYS** Petitioner's pending 28 U.S.C. § 2254 petition until the decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, No. 06-55392 (9th Cir. filed May 16, 2008) is made final.  Respondent shall re-initiate these habeas corpus proceedings **within sixty (60) days** after the Hayward decision becomes final.

**IT IS SO ORDERED.**

DATED:  September 10, 2008

_____
Hon. Thomas J. Whelan
United States District Judge