UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>L.E. SCRIBNER, Warden,<br><br>　　　　　　　　Respondent. | CASE NO. 08-CV-162 W (WVG)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [DOC. 25],**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS [DOC. 26],**<br><br>**(3) DENYING PETITION WITH PREJUDICE [DOC. 1], AND**<br><br>**(4) DENYING A CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner Alejandro Alve, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). On December 6, 2010, United States Magistrate Judge William V. Gallo issued a Report and Recommendation ("Report") recommending that this Court deny the Petition with prejudice. Petitioner filed an objection to the Report. Respondent did not file a reply.

　　　　The Court decides the matters on the papers submitted and without oral

argument. See Civ. L.R. 7.1(d)(1). For the reasons outlined below, the Court **ADOPTS** the Report in its entirety (Doc. 25), **OVERRULES** Petitioner's objections (Doc. 26), **DENIES** the Petition **WITH PREJUDICE** (Doc. 1), and **DENIES** a certificate of appealability.

I.  BACKGROUND[1]

In 1976, Petitioner was convicted by a jury of two counts of first-degree murder and assault. (*Report* 2:3–4 [Doc. 25].) The first murder victim was found naked with a knife protruding from his abdomen; he had also been shot twice in the head, stabbed in the neck, and had his genitals cut five times. (*Id.* at 4:25–5:2.) The second murder victim had been stabbed in the chest with a butcher knife. (*Id.* at 5:6–8.) After an appeal, Petitioner was eventually given an indeterminate sentence of seven years to life imprisonment with the possibility of parole. (*Id.* at 2:6–11.)

On November 16, 2005, the Board of Parole Hearings ("Board") denied Petitioner parole. (*Report* 4:5–10.) The Board reasoned that Petitioner would pose an "unreasonable risk and danger to society or threat to public safety" if paroled. (*Id.*) The Board further based its decision on the cruel and callous nature of the offenses and Petitioner's prior adult criminal history. (*Id.*) It further noted that Petitioner continued to receive disciplinary reports, including one in 2003. (*Id.*) Also, a psychological report submitted by John R. Bellinger, Ph. D., indicated that Petitioner's potential for violence might be at an above-average level. (*Id.*; *see also Pet., Ex. 11*, at 3–4 [Doc. 1].)

Thereafter, Petitioner filed a habeas petition in San Diego County Superior Court challenging the Board's decision. He claimed that the Board's decision violated his due-process rights because the decision was not supported by "some evidence." The superior court denied the petition finding that "some evidence" supported the Board's decision.

---

[1] Petitioner did not object to the factual summary stated in the Report. The following background is primarily based on the Report's factual summary.

1         Petitioner then filed a habeas petition in the California Court of Appeal raising
2 the same claims.  The Court of Appeal, using the then existing federal and state law,
3 found that the nature of Petitioner's offenses amounted to "some evidence" that the
4 crimes were cruel and callous.  (*Report* 5:9–11.)  Further, the Court noted that the
5 Board considered a psychological report of Petitioner that stated that Petitioner's future
6 potential for violence might be at an above-average level if he encountered difficulties
7 in the transition from inmate to parolee.  (*Id.* at 5:12–15.)  Therefore, "some evidence"
8 supported the Board's decision.  (*Id.* at 5:15–16.)  Accordingly, the Court of Appeal
9 denied the petition.

10         Following the Court of Appeal decision, Petitioner filed a petition for review in
11 the California Supreme Court.  It was summarily denied.

12         On January 25, 2008, Petitioner filed the instant Petition.  He alleges that the
13 Board violated his Fourteenth Amendment due-process rights in denying him parole in
14 November 2005.  (*Petition* 16 [Doc. 1].)

15         On December 6, 2010, Magistrate Judge Gallo issued the Report that found that
16 Dr. Bellinger's conclusions, noted in his mental-health evaluation of Petitioner,
17 provided the Board and the Court of Appeal with "some evidence" of Petitioner's
18 current dangerousness.  (*Report* 18:6–9.)  Accordingly, Magistrate Judge Gallo
19 recommends that this Court deny the Petition with prejudice.  (*Id.* at 18:22–24.)
20 Thereafter, Petitioner filed an objection to the Report, and Respondent did not file a
21 reply.

## II.   LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.

1  2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise") (emphasis in original); <u>Schmidt v. Johnstone</u>, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). This rule of law is well established within the Ninth Circuit and this district. <u>See</u> <u>Wang v. Masaitis</u>, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is **only** required when an objection is made to the R & R.") (emphasis added) (citing <u>Renya-Tapia</u>, 328 F.3d at 1121); <u>Nelson v. Giurbino</u>, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report without review because neither party filed objections to the report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); <u>see also</u> <u>Nichols v. Logan</u>, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed. These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c)); <u>see also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980); <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989).

### III. DISCUSSION

"The crucial determinant of whether the prisoner gets parole in California is 'consideration of the public safety.'" <u>Hayward v. Marshall</u>, 603 F.3d 546, 561 (9th Cir. 2010). This "core determination of 'public safety' . . . involves an assessment of an inmate's *current* dangerousness." <u>In re Lawrence</u>, 44 Cal. 4th 1181, 1205 (Cal. 2008) (emphasis in original). Accordingly, "when a court reviews a decision of the [Board of

Parole Hearings] . . . the relevant inquiry is whether some evidence supports the decision . . . that the inmate constitutes a current threat to public safety." Id. at 1212 (citing In re Rosenkrantz, 29 Cal. 4th 616, 658 (Cal. 2002); In re Dannenberg, 34 Cal. 4th 1061, 1071 (Cal. 2005); In re Lee, 143 Cal. App. 4th 1400, 1408 (Cal. Ct. App. 2006)). A psychological report about the inmate may provide "some evidence" of "future dangerousness" that justifies the denial of parole. Boyd v. Almager, 677 F. Supp. 2d 1221, 1232 (C.D. Cal. 2009); Brazil v. Davison, 639 F. Supp. 2d 1129, 1150 (C.D. Cal. 2009); see also Acevedo v. Yates, No. 09-CV-01479 AWI JMD HC, 2010 WL 3582433, at *8 (E.D. Cal. Sept. 9, 2010). "In short, 'some evidence' of future dangerousness is indeed a state *sine qua non* for denial of parole in California." Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1021 (9th Cir. 2010) (quoting Hayward, 603 F.3d at 562).

Here, Petitioner contends that the Board's conclusion is a "prediction based on guesswork," and thus is insufficient to meet the "some evidence" requirement. (*Objection* 4–5 [Doc. 26].) However, the Board and the Court of Appeal considered Petitioner's mental-health evaluation which provided them with "some evidence" of Petitioner's current dangerousness. Specifically, in the mental-health evaluation, Dr. Bellinger found that Petitioner's potential for violence would be at an above-average level if he encountered frustrations in the transitions from inmate to parolee. This finding directly addresses Petitioner's current level of dangerousness. Therefore, contrary to Petitioner's contention, the mental-health evaluation supports the Board's and the Court of Appeal's conclusion that Petitioner is not suitable for parole. Accordingly, Petitioner's due-process rights were not violated because the mental-health evaluation meets the standards of the "some evidence" inquiry justifying the denial of parole.

**IV.   CONCLUSION AND ORDER**

In light of the foregoing, the Court **ADOPTS** the Report in its entirety (Doc. 25), **OVERRULES** Petitioner's objections (Doc. 26), and **DENIES** the Petition **WITH PREJUDICE** (Doc. 1).

Moreover, because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

DATED: March 15, 2011

Hon. Thomas J. Whelan
United States District Judge